**Juan Antonio ARRIAGA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00870–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 23, 2010.

Discretionary Review Refused May 18, 2011.

Winston E. Cochran, Jr., for appellant.

Donald W. Rogers, Jr., Houston, for state.

Panel consists of Justices SEYMORE, BOYCE, and CHRISTOPHER.

## OPINION

WILLIAM J. BOYCE, Justice.

Appellant Juan Antonio Arriaga pleaded guilty to the first-degree felony of aggravated sexual assault of a child under 14 years of age. He received deferred adju-

dication and was placed on community supervision for five years. *See* Tex. Penal Code Ann. § 22.021(a)(1)(B), (a)(2)(B), (e) (Vernon 2003); *see also* Tex.Crim. Proc. Code Ann. art. 42.12 § 5 (Vernon 2006). The State subsequently filed a motion to adjudicate guilt based on alleged violations of appellant's community service requirements; appellant pleaded true to the allegations in the State's motion. The trial court adjudicated appellant guilty and sentenced appellant to life imprisonment. *See* Tex. Penal Code Ann. § 12.32 (Vernon 2003). Appellant appeals his sentence and requests a new punishment hearing. We affirm.

## BACKGROUND

Appellant was indicted on four counts of aggravated sexual assault of a child less than 14 years of age. The charges relate to offenses appellant allegedly committed against his daughter, G.P., and his step-daughter, L.A. While the charges were pending, U.S. Immigration and Customs Enforcement filed an immigration detainer and informed the trial court that appellant's immigration status was under investigation.

Appellant entered into a plea bargain with the State and pleaded guilty to one of the four counts. The trial court deferred adjudication of appellant's guilt and placed appellant on five years of community supervision on June 19, 2007. Appellant was required to comply with various community supervision requirements, which included (1) reporting monthly to his community supervision officer; (2) registering as a sex offender; (3) abiding by federal and state law; and (4) refraining from personal, telephone, written, or internet contact with G.P. and L.A. The State moved to dismiss the other counts based on the deferred adjudication order. Appellant was immediately taken into the custody of federal

immigration officials and subsequently deported to El Salvador.

Appellant re-entered the United States in 2009. While living and working in Louisiana, appellant was arrested on unrelated charges and extradited to Harris County. The State filed a motion to adjudicate appellant's guilt, claiming appellant violated the terms of his community supervision after returning to the United States by failing to (1) report to his community supervision officer; and (2) register as a sex offender. Appellant pleaded true to the State's allegations.

At the punishment hearing, appellant testified that he understood the allegations in the State's motion to adjudicate. Appellant testified that he had been in contact with G.P. and L.A. via telephone, and he had re-entered the country illegally; these activities also violate appellant's community supervision requirements. Appellant testified that he did not think he had to comply with the requirements because an immigration official informed appellant that his community supervision was "deleted" and threw appellant's community supervision paperwork in the trash. Appellant testified that he did not return to Harris County when he re-entered the United States because he "was afraid of that case that [he has] and [didn't] want anything related to it." The State requested that the trial court sentence appellant to no less than 35 years in prison.

The trial court adjudicated appellant guilty, sentenced appellant to life in prison, and certified appellant's right to appeal.

## ANALYSIS

On appeal, appellant argues that (1) his life sentence for aggravated sexual assault of a child less than 14 years of age constitutes cruel and unusual punishment prohibited by the Eighth Amendment because it is unconstitutionally excessive; and (2)

he received ineffective assistance of counsel at the punishment hearing because his trial counsel did not investigate or present testimony from appellant's brother regarding appellant's "good character traits."

## I. Cruel and Unusual Punishment

■ The Eight Amendment prohibits cruel and unusual punishment, which includes "extreme sentences that are grossly disproportionate to the crime." *See Graham v. Florida,* —— U.S. ——, ——, 130 S.Ct. 2011, 2021, 176 L.Ed.2d 825 (2010) (quotation omitted). Appellant argues that his life sentence is unconstitutionally excessive in light of *Graham.*

■ Appellant was required to make a timely objection to the trial court to preserve his complaint that his life sentence for aggravated sexual assault of a child was unconstitutionally excessive. *See* Tex. R.App. P. 33.1(a) (regarding timely objection, request, or motion to preserve error); *see also Kim v. State,* 283 S.W.3d 473, 475 (Tex.App.-Fort Worth 2009, pet. ref'd) (appellant waived argument that seven-year sentence for burglary of a habitation was cruel and unusual punishment because appellant failed to raise issue to trial court); *Benson v. State,* 224 S.W.3d 485, 498 (Tex. App.-Houston [1st Dist.] 2007, no pet.) (appellant waived argument that 12–year sentence for aggravated assault with a deadly weapon was cruel and unusual punishment because appellant failed to raise issue to trial court); *Labra v. State,* No. 14–07–00514–CR, 2008 WL 2261456, at *1 (Tex. App.-Houston [14th Dist.] May 27, 2008, no pet.) (mem. op., not designated for publication) (appellant waived argument that 40–year sentence for felony delivery of a controlled substance was cruel and unusual punishment because appellant failed to raise issue to trial court). Appellant did not raise the issue at his sentencing hearing or in his motion for new trial. Appel-

lant made a passing reference in his motion for new trial that he did not deserve "such a severe sentence," but the reference was made in connection with appellant's ineffective assistance of counsel claim—not a claim that his punishment was excessive.

Appellant maintains that he did not waive his Eight Amendment challenge because (1) he relies on *Graham;* and (2) *Graham* represents a departure from prior case law. Appellant argues that *Graham* requires this court to examine a defendant's "crimes and characteristics" to determine whether the severity of the punishment for that particular defendant is excessive. Under the analysis posited by appellant, this court must consider mitigating evidence in determining whether his punishment as assessed is disproportionate.

*Graham* held that a sentence of life imprisonment without parole for a non-homicide crime committed by any minor defendant is categorically unconstitutional under the Eighth Amendment. *Graham,* 130 S.Ct. at 2034. In so doing, *Graham* discussed two separate standards. One standard focuses on whether the length of a term-of-years sentence is grossly disproportionate to a particular defendant's crime. *Id.* at 2021–23. The second standard addresses categorical challenges to the imposition of the death penalty, such as in cases involving non-homicide crimes and crimes committed by minor defendants. *Id.* The Supreme Court concluded that the Eighth Amendment challenge at issue in *Graham* should be governed by the second standard. *Id.*

Appellant does not argue that a sentence of life imprisonment for aggravated sexual assault of a child is a categorically unconstitutional punishment. Instead, he argues that the length of his term-of-years sentence is excessive in light of his partic-

ular circumstances. The analysis of appellant's argument is controlled by the standard that applies when a categorical challenge is not being asserted. *See id.* at 2021–22; *see also Ex parte Chavez,* 213 S.W.3d 320, 324 n. 20 (Tex.Crim.App.2006) ("[A]part from the amorphous 'gross-disproportionality' standard ... the Eight Amendment ... imposes no apparent limitation on the discretion of the sentencing entity, be it judge or jury, including any requirement that punishment be informed by the particular circumstances of the offense and/or the offender.") (discussing *Lockyer v. Andrade,* 538 U.S. 63, 123 S.Ct. 1166, 155 L.Ed.2d 144 (2003), and *Harmelin v. Michigan,* 501 U.S. 957, 995, 1006, 111 S.Ct. 2680, 115 L.Ed.2d 836 (1991) (Scalia, J., announcing judgment of the Court; Kennedy, J., concurring)). *Graham* did not alter the contours of the specific Eighth Amendment challenge being asserted in this case. *See Welch v. State,* 335 S.W.3d 376, 381 (Tex.App.-Houston [14th Dist.] 2011, no pet.) ("[T]he Court was not required to revisit the question of whether the Eighth Amendment mandates individualized consideration for a term of years sentence. Therefore, discussion of a constitutional rule regarding mitigating evidence is conspicuously absent from the decision, and we do not find merit in the argument that *Graham* implicitly established appellant's proposed rule.") (citations omitted). Therefore, appellant cannot rely upon *Graham* to excuse a lack of preservation in the trial court.

█ Even if appellant had preserved his Eighth Amendment challenge for our review, appellant's life sentence for aggravated sexual assault of a child is not unconstitutionally excessive. We analyze appellant's Eighth Amendment challenge by reviewing the proportionality of the sentence compared to the crime. *See Gra-*

*ham,* 130 S.Ct. at 2022 (citing *Harmelin,* 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, J.) (plurality opinion)). Our objective analysis is guided by (1) the gravity of the offense and the harshness of the penalty; (2) the sentences imposed on other criminals in the same jurisdiction; and (3) the sentences imposed for the commission of the crime in other jurisdictions. *Id.; Culton v. State,* 95 S.W.3d 401, 403 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd). Only if we find that the sentence is grossly disproportionate to the offense under the first factor will we then consider the second two factors to determine whether the sentence was unconstitutionally excessive. *Graham,* 130 S.Ct. at 2022 (citing *Harmelin,* 501 U.S. at 1005, 111 S.Ct. 2680 (Kennedy, J.) (plurality opinion)); *Culton,* 95 S.W.3d at 403–04 (enhanced sentence of life imprisonment for second-degree felony sexual assault of a child over 14 years of age not disproportionate because appellant had history of felonious sexual assaults).

█ The Texas Legislature has determined that the first-degree felony of aggravated sexual assault of a child less than 14 years of age is punishable by imprisonment for life, or by imprisonment for five to 99 years. *See* Tex. Penal Code Ann. §§ 12.32; 22.021(a)(1)(B), (a)(2)(B), (e). This legislative policy determination is entitled to wide deference. *See Harmelin,* 501 U.S. at 998, 111 S.Ct. 2680 (Kennedy, J.) (plurality opinion); *Ewing v. California,* 538 U.S. 11, 25, 123 S.Ct. 1179, 155 L.Ed.2d 108 (2003) (O'Connor, J.) (plurality opinion). Appellant's life sentence falls within the range permitted by the Texas Penal Code. *See* Tex. Penal Code Ann. § 12.32.

The analysis here does not turn on whether the trial court initially deferred appellant's adjudication of guilt. *See, e.g., Buerger v. State,* 60 S.W.3d 358, 365–66 (Tex.App.-Houston [14th Dist.] 2001, pet.

ref'd) (appellant's 15–year sentence rests upon adjudication of guilt for crime alleged, not appellant's violation of community supervision requirements that led to revocation of deferred adjudication); *see also Knight v. State,* No. 14–02–00615–CR, 2003 WL 1988555, at *2 (Tex.App.-Houston [14th Dist.] May 1, 2003, pet. ref'd) (not designated for publication) (addressing constitutionality of appellant's 25–year sentence based on offense of aggravated sexual assault of a child, not based on appellant's violation of community supervision requirements that led to revocation of deferred adjudication).

The trial court's sentence of life imprisonment is not grossly disproportionate to appellant's commission of aggravated sexual assault of a child less than 14 years of age, the crime to which appellant pleaded guilty. *See, e.g., Holder v. State,* 643 S.W.2d 718, 721 (Tex.Crim.App.1982) (three life sentences for three separate convictions for aggravated sexual assault of a child were not unconstitutionally excessive); *Williamson v. State,* 175 S.W.3d 522, 525 (Tex.App.-Texarkana 2005, no pet.) (three consecutive life terms for three counts of aggravated sexual assault of a child not grossly disproportionate); *see also Williams v. State,* No. 12–01–00311–CR, 2003 WL 1883474, at *5 (Tex.App.-Tyler Apr. 16, 2003, no pet.) (mem. op., not designated for publication) (enhanced 99–year sentence for sexual assault of a child not grossly disproportionate punishment because crime was a "serious" one against a person with the potential for causing "severe emotional harm" to the child).

Accordingly, we overrule appellant's issue regarding the constitutionality of his life sentence.

## II. Ineffective Assistance of Counsel

■ Appellant argues that he received ineffective assistance of counsel at the punishment hearing because his trial counsel did not identify appellant's brother, Carlos Arriaga, as a potential witness who could testify regarding appellant's "good character traits."

■ To establish ineffective assistance, appellant must establish that his counsel's performance (1) was deficient; and (2) prejudiced his defense. *See Smith v. State,* 286 S.W.3d 333, 340 (Tex.Crim.App.2009) (citing *Strickland v. Washington,* 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). To show deficiency of representation under *Strickland's* first prong, appellant must prove by a preponderance of the evidence that his counsel's representation objectively fell below the standard of professional norms. *Smith,* 286 S.W.3d at 340. To show prejudice under *Strickland's* second prong, appellant must show there is a reasonable probability that, but for his counsel's unprofessional errors, the result of the proceeding would have been different. *Id.* Reasonable probability is a "probability sufficient to undermine confidence in the outcome," meaning "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.*

■ Appellant filed a motion for new trial, in which he asserted that Carlos would have been willing to testify at appellant's punishment hearing. Carlos would have testified that it was "out of character" for appellant to commit an aggravated sexual assault against a child, and that appellant had friends and family who could "provide guidance to him." Appellant attached Carlos's affidavit to the motion; in his affidavit, Carlos swore to the same facts asserted in the motion. Appellant requested an evidentiary hearing on his motion, but the record before this court is silent on whether (1) such a hearing was

held; (2) the affidavit was admitted into evidence; or (3) appellant's trial counsel testified regarding his representation of appellant at the punishment hearing.[1] Because the reasonableness of appellant's trial counsel's decision-making involves facts that do not appear in the appellate record, the record before this court is insufficient to show that *Strickland's* first prong has been satisfied. *See id.* at 341.

Even if we assume for argument's sake that appellant's trial counsel performed deficiently, appellant cannot show prejudice under the second *Strickland* prong. *See id.* at 344–45. Before appellant is entitled to a hearing on his motion for new trial alleging ineffective assistance of counsel, appellant must at least allege facts that show reasonable grounds for the trial court to believe that appellant could prevail under both prongs of *Strickland. Id.* at 338. In the absence of a hearing on the appellant's motion for new trial, we presume that (1) the trial court knew from the motion for new trial and the affidavit what Carlos's testimony at a hearing would be; and (2) even assuming any such testimony to be accurate and reliable, the trial court knew the facts alleged in the motion would not have influenced its "ultimate normative judgment" in assessing punishment within the statutory range. *Id.* at 345. Thus, the trial court could have concluded without the necessity of a hearing that the appellant suffered no prejudice from any alleged deficiency on appellant's trial counsel's part. *Id.*

We overrule appellant's issue regarding ineffective assistance of counsel.

---

**CONCLUSION**

Having overruled both appellant's issues on appeal, we affirm the judgment of the trial court.

---

1. Allegations made in a motion for new trial or supporting affidavit are not self-proving and must be offered into evidence at a hearing. *See, e.g., Rouse v. State*, 300 S.W.3d 754, 762 (Tex.Crim.App.2009). The clerk's record includes a copy of the docket sheet, which states that the motion for new trial was "presented to the court" several days after it was filed; the record does not include a hearing transcript or any other indication that the affidavit or other evidence was presented to and admitted by the trial court.