**Affirmed and Opinion filed October 20, 2011.**



**In The**

# 𝕱𝖔𝖚𝖗𝖙𝖊𝖊𝖓𝖙𝖍 𝕮𝖔𝖚𝖗𝖙 𝖔𝖋 𝕬𝖕𝖕𝖊𝖆𝖑𝖘

_____

## NO. 14-11-00555-CR

_____

### ZAVIER SHAWN WILSON, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 209th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1164195**

## MEMORANDUM OPINION

Appellant entered a plea of guilty to murder. The trial court sentenced appellant on June 10, 2011, to confinement for forty years in the Institutional Division of the Texas Department of Criminal Justice.

In two issues, appellant claims his sentence was grossly disproportionate to the offense underlying the conviction, resulting in cruel and unusual punishment in violation of the United States and Texas constitutions.[1] To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual

---

[1] Appellant concedes that his sentence was within the applicable statutory range. *See* Tex. Penal Code Ann. §§ 12.32 and 19.02(b)(1) (West 2011).

punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex.R.App. P. 33.1(a); *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996) (defendant waived any error because he presented his argument for first time on appeal); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex. App. -- Houston [14th Dist.] 2005, pet. ref'd*)* (defendant did not raise complaints that his sentences violated his state and federal rights against cruel and unusual punishment in the trial court, and thus failed to preserve them for appellate review).

Appellant cites *Meadoux v. State*, 325 S.W.3d 189, 193 n. 5 (Tex. Crim. App. 2010), as a case in which the court "reviewed the constitutionality of severe sentences for juveniles despite such claims being raised for the first time on appeal."  In *Meadoux* the court noted that the State had failed to argue error was not preserved in the court of appeals, the court of appeals did not address it in affirming the conviction, and the court did not grant review to consider it.  Here, the State argues in its brief that error was not preserved. *Meadoux* does not support a departure from well-established precedent that claims of cruel and unusual punishment must be preserved in the trial court.  *See Arriaga v. State,* 335 S.W.3d 331, 334-35 (Tex. App. – Houston [14th Dist.] 2010, pet. ref'd).

The claim presented on appeal was not raised when appellant was sentenced or in a post-verdict motion filed with the trial court.  Accordingly, nothing is preserved for our review.  *See Castaneda v. State,* 135 S.W.3d 719, 723 (Tex. App. -- Dallas 2003, no pet.). We overrule appellant's issues and affirm the trial court's judgment.

PER CURIAM

Panel consists of Justices Brown, Boyce, and McCally.

Do Not Publish — TEX. R. APP. P. 47.2(b).