Opinion issued
December 1, 2011



In
The

Court of
Appeals

For
The

First District
of Texas

————————————

NO. 01-11-00262-CR

———————————

RAFAEL
QUEZADA, Appellant

V.

THE STATE OF TEXAS, Appellee



 



 

On Appeal from the 209th District Court

Harris County, Texas



Trial
Court Case No. 1260011

 



 

 

MEMORANDUM
OPINION

          Without
a sentencing recommendation from the State, appellant, Rafael Quezada, pleaded guilty
to the second-degree felony offense of intoxication manslaughter.[1]  Following the preparation of a presentence
investigation (“PSI”) report, the trial court conducted a sentencing hearing.  At the hearing, the trial court found
appellant guilty of the offense of intoxication manslaughter and found the
deadly-weapon allegation contained in the indictment to be true.  The trial court sentenced appellant to 12
years in prison.

          In
two issues, appellant claims his sentence was grossly disproportionate to the
offense underlying the conviction, resulting in cruel and unusual punishment in
violation of the United States and Texas constitutions.[2]  See
U.S. Const. amend. VIII; Tex. Const. art. I, § 13.  To preserve for appellate review a complaint
that a sentence is grossly disproportionate, constituting cruel and unusual
punishment, a defendant must present to the trial court a timely request,
objection, or motion stating the specific grounds for the ruling desired.  See Tex. R. App. P. 33.1(a); see also Rhoades v. State, 934 S.W.2d
113, 120 (Tex. Crim. App. 1996) (holding that defendant waived any error regarding
violation of state constitutional right against cruel and unusual punishment because
argument was presented for first time on appeal); Noland v. State, 264 S.W.3d 144, 151–52 (Tex. App.—Houston [1st Dist.] 2007, pet. ref’d)
(holding appellant’s assertion that sentence was grossly disproportionate
waived when no objection made or motion for new trial filed raising complaint
in trial court); Wynn v. State, 219
S.W.3d 54, 61 (Tex. App.—Houston [1st Dist.] 2006, no pet.) (holding that
defendant’s failure to object to his life sentence of imprisonment as cruel and
unusual punishment waived error); Solis
v. State, 945 S.W.2d 300, 301–02 (Tex. App.—Houston [1st Dist.] 1997, pet. ref’d) (holding
defendant could not assert cruel and unusual punishment for first time on appeal).


          Appellant
acknowledges that he did not object to his sentence in the trial court.  He contends that “error such as this may be
considered by this court for the first time on appeal.”  In support of his contention, appellant cites
Meadoux v. State, 325 S.W.3d 189 (Tex.
Crim. App. 2010).  Contrary to
appellant’s assertion, the Meadoux court
did not hold that error arising from disproportionate sentencing need not be
preserved in the trial court.  Rather, in
that case, the court indicated that it would not reach the issue of
preservation because (1) the State had failed to argue, in the court of appeals,
that error was not preserved; (2) the court of appeals did not address preservation
in affirming the conviction; and (3) the Court of Criminal Appeals had not granted
review to consider the issue of preservation. 
Id. at 193 n.5.  Here, the State does assert that appellant
failed to preserve the alleged error.  We
agree with the State that Meadoux does
not support a departure from well-established precedent that claims of cruel
and unusual punishment arising from disproportionate sentencing must be
preserved in the trial court.  See Arriaga v. State, 335 S.W.3d 331,
334–35 (Tex. App.—Houston
[14th Dist.] 2010, pet. ref’d).  Appellant
has not preserved his constitutional complaints for our review.  See
Noland, 264 S.W.3d at 151–52. 

          We
overrule appellant’s first and second issues. 
         We affirm the judgment of
the trial court.

 

Laura Carter Higley

                                                                   Justice 

 

Panel consists of
Justices Keyes, Higley, and Massengale.

 

Do not
publish.   Tex. R. App. P. 47.2(b).











[1]           See
Tex. Penal Code Ann. § 49.08 (Vernon 2011).

 





[2]           Appellant acknowledges that his
sentence is within the statutory range of punishment.  See Tex. Penal Code Ann. § 12.33 (Vernon 2011) (setting forth
punishment range for second-degree felony offenses).  We are, however, aware that a sentence may run
afoul of the constitutional prohibition against cruel and unusual punishment although
it is within the range permitted by statute.  See Solem
v. Helm, 463 U.S. 277, 290, 103 S. Ct. 3001, 3009–10 (1983). 
Here, appellant contends that the sentence is disproportionate because
he “accidentally killed his passenger, a relative, in a one-car
collision.”  Neither the State nor
appellant presented evidence at the sentencing hearing.  The trial court based its sentencing decision
on the PSI report.  When asked by the
trial court, appellant stated that he had no objection to the report.  Appellant requested the trial court to admit
the PSI report into evidence.  However,
the trial court did not rule on the request, and the PSI report is not
contained in the record.  Appellant makes
no complaint regarding the lack of inclusion of the PSI report.  Thus, appellant’s assertions in support of
his appellate issues are not supported by the record.