**Affirmed and Memorandum Opinion filed April 19, 2012.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-01172-CR

---

**DAMION J. POTTS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 178th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1227346**

---

## MEMORANDUM OPINION

In a single issue, appellant contends the trial court abused its discretion by denying his motion for new trial based on alleged ineffective assistance of counsel. We affirm.

### I. BACKGROUND

Appellant was charged with assault of a family member—as defined in the Penal Code, a person with whom appellant had a "dating relationship."[1] Pursuant to a plea

---

[1] *See* Tex. Penal Code Ann. § 22.01(b)(2)(A) (West 2011).

bargain, appellant pleaded guilty. The trial court accepted the plea bargain, deferred adjudication, and placed appellant on probation for three years.

During November 2010, the State moved to adjudicate appellant's guilt, alleging he violated the terms of his probation. The trial court found appellant violated the terms of his probation. The parties then presented argument regarding punishment. The range of punishment was two to ten years' confinement. The trial court sentenced appellant to three years' confinement.

Appellant filed a motion for new trial, alleging ineffective assistance of counsel. In support, appellant presented his own affidavit as well as affidavits from his mother and girlfriend (the complainant relative to the assault charge). In their affidavits, appellant's mother and girlfriend averred they would have testified at the adjudication-of-guilt hearing that appellant was a good father, a compassionate, kind-hearted man, and benefiting from probation. The State presented the affidavit of appellant's trial counsel, who posited, "[Appellant] alleges I was ineffective for failing to investigate and call witnesses for him. This is untrue." The trial court denied appellant's motion for new trial.

## II. ANALYSIS

We review a trial court's denial of new trial based on ineffective assistance of counsel for abuse of discretion. *Ramirez v. State*, 301 S.W.3d 410, 415 (Tex. App.—Austin 2009, no pet.). To establish ineffective assistance, a defendant must prove by a preponderance of the evidence that (1) counsel's representation was deficient because it fell below the standard of prevailing professional norms and (2) there is a reasonable probability that, but for counsel's deficiency, the result would have been different. *Salinas v. State*, 163 S.W.3d 734, 740 (Tex. Crim. App. 2005) (citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)).

According to appellant, counsel was ineffective because he failed to interview potential character witnesses who would have testified in behalf of appellant during the

punishment phase.  Appellant argues he established there is a reasonable probability that had his mother and girlfriend testified, the trial court would have sentenced him to two years' confinement or continued his probation.

Even assuming appellant's counsel performed deficiently by failing to interview potential character witnesses, we conclude appellant has not established prejudice.  The same trial judge who sentenced appellant to three years' confinement considered appellant's motion for new trial and corresponding affidavits.  It was well within the trial judge's discretion to determine that the testimony of appellant's mother and girlfriend would not have influenced the judge's "ultimate normative judgment" in assessing punishment within the statutory range; i.e., the trial judge simply determined the proffered testimony would not have affected his judgment.  *See Smith v. State*, 286 S.W.3d 333, 344–45 (Tex. Crim. App. 2009); *Arriaga v. State*, 335 S.W.3d 331, 337 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).

Accordingly, we overrule appellant's sole issue and affirm the trial court's judgment.


/s/      Charles W. Seymore
            Justice


Panel consists of Justices Frost, Seymore, and Jamison.

Do Not Publish — Tex. R. App. P. 47.2(b).

3