

# NUMBER 13-12-00667-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**KENSON JACK JONES**                                                                 **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                 **Appellee.**

### On appeal from the Criminal District Court No. 2
### of Tarrant County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Benavides and Longoria
### Memorandum Opinion by Justice Longoria

By two issues, appellant, Kenson Jack Jones, challenges his conviction and

sentence for sexual assault of a child under the age of seventeen, a second-degree

felony. TEX. PENAL CODE ANN. § 22.011(a)(2) (West Supp. 2011). We affirm.[1]

---

[1] This case is before this Court on transfer from the Second Court of Appeals in Fort Worth pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

# I. BACKGROUND[2]

The State charged appellant with the sexual assault of A.S., his stepdaughter. A.S. testified that she woke up to find appellant on top of her, that he moved her underwear out of the way, and touched her vagina with his sexual organ. A.S. informed a classmate at her school that morning about what happened, and the classmate subsequently informed school officials. School officials later called the police. A.S. underwent a sexual assault examination at Cook Children's Medical Center and police seized several items from A.S.'s home, including the clothes she was wearing during the crime and her bed sheets. Appellant's DNA was tested after his arrest, and found to be a genetic match to both the sperm in the vaginal swab taken from A.S. and the sperm recovered from the underwear A.S. wore at the time of the crime. Appellant pleaded not guilty and the case was tried to a jury. The jury returned a verdict of guilty and assessed twelve years' imprisonment. This appeal followed.

## II. ANALYSIS

Appellant argues that the evidence supporting his conviction is insufficient and that his sentence was grossly disproportionate to the crime charged.

### A. Sufficiency of the Evidence

#### 1. Standard of Review

In evaluating the sufficiency of the evidence supporting a conviction, our inquiry is "whether, after viewing the evidence in a light most favorable to the verdict, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Garcia v. State*, 367 S.W.3d 684, 686–87 (Tex. Crim. App. 2012)

---

[2] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to our decision. *See* TEX. R. APP. P. 47.1.

(citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). It is the role of the trier of fact to resolve conflicts in testimony, weigh evidence, and draw reasonable inferences from that evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19 (1979)). The trier of fact, in this case the trial court judge, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Garcia*, 367 S.W.3d at 686–87; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010) (plurality op.). "[T]he *Jackson v. Virginia* standard is the only standard that a reviewing court should apply in determining whether the evidence is sufficient." *Brooks*, 323 S.W.3d at 912.

### 2. Discussion

Appellant briefs authorities pertaining to the standard of review and makes a conclusory statement that: "[t]he State of Texas did not meet its burden of proof, proof beyond a reasonable doubt, in that it failed to prove that Appellant committed the offense as is set out in the [sic] indictments." Appellant has not provided this court with an argument regarding how the evidence is insufficient to support his conviction. Appellant has not discussed the essential elements of the offense or identified any element for which the evidence is arguably inconsistent. Therefore, we conclude that this point of error is inadequately briefed, and presents nothing for our review. *See* TEX. R. APP. P. 38.1(i); *see also Lucio v. State,* 351 S.W.3d 878, 896 (Tex. Crim. App. 2011) (observing that "this Court is under no obligation to make appellant's arguments" for him). We overrule appellant's first issue.

## B. Disproportionate Sentence

In his second issue, appellant argues that his sentence of twelve years' imprisonment was so disproportionate to the crime, and to other sentences imposed for similar crimes, that it violated the state and federal constitutional prohibitions against cruel and unusual punishment. U.S. CONST. AMEND. VIII; TEX. CONST. art. I, § 13. In order to preserve a complaint of this nature for appeal, a defendant must make a timely objection to the trial court. *Kim v. State*, 283 S.W.3d 473, 475 (Tex. App.—Fort Worth 2009, pet. ref'd); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010 pet. ref'd). Appellant did not object to the sentence at the time it was imposed, and so did not preserve this argument for our review. We accordingly overrule appellant's second issue.

## III. CONCLUSION

We affirm the judgment of conviction.

_____
NORA L. LONGORIA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of April, 2013.