**Affirmed and Memorandum Opinion filed July 10, 2014.**



In The

# Fourteenth Court of Appeals

---

**NO. 14-13-00654-CR**
**NO. 14-13-00655-CR**

---

**TROY AIKMAN ERWIN, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 252nd District Court**
**Jefferson County, Texas[1]**
**Trial Court Cause Nos. 12-15271 and 12-15552**

---

## M E M O R A N D U M   O P I N I O N

This is an appeal from a judgment of guilt following a deferred adjudication. Without an agreed recommendation, appellant entered a "guilty" plea to the

---

[1] This case was transferred to this court from the Ninth Court of Appeals. In cases transferred by the Supreme Court of Texas from one court of appeals to another, the transferee court must decide the case in accord with the precedent of the transferor court if the transferee court's decision would have been inconsistent with the precedent of the transferor court. *See* Tex. R. App. P. 41.3.

offenses of burglary of a building and burglary of a habitation. In each case, the trial court deferred adjudication of guilt and placed appellant on probation for five years. Subsequently, on the State's motion, the trial court adjudicated guilt in both cases. The trial court sentenced appellant to confinement in the State Jail Division of the Texas Department of Criminal Justice for two years for the offense of burglary of a building and fifteen years in the Institutional Division of the Texas Department of Criminal Justice for the offense of burglary of a habitation. The sentences were ordered to run concurrently. Appellant filed a timely notice of appeal in each case.

In his first issue, appellant asserts the sentence assessed for burglary of a habitation was excessive and "the record does not disclose that a lesser sentence than fifteen (15) years was ever considered."[2] Appellant was required to make a timely objection in the trial court to preserve any complaint that his sentence was excessive. *See* Tex. R. App. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd). Appellant did not raise the issue at his sentencing hearing or in a motion for new trial. Accordingly, that issue is not preserved for our review. *Id.*

In anticipation of a possible waiver, appellant asserts in his appellate brief that the trial judge prejudged the sentences, citing to *Ex parte Brown,* 158 S.W.3d 449, 452 (Tex. Crim. App. 2005). Appellant's reliance on this case to support this claim is misplaced. In *Brown*, the record established the trial judge told appellant what his sentence would be "if he messed up on probation" and the trial judge then assessed that sentence. The record before us does not reflect the trial judge prejudged the sentence or refused to consider the entire range of punishment in assessing appellant's punishment. Appellant's first issue is overruled.

---

[2] Appellant makes no claim as to the two-year sentence for burglary of a building.

In his second issue, appellant asserts the trial court erred in assessing a $500 fine "in the written judgment and sentence without oral pronouncement in open court." The judgment in each case reflects no fine was assessed. Appellant's second issue is overruled.

Having overruled appellant's issues, we affirm the judgment of the trial court in each case.

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Donovan and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).