**Affirmed and Memorandum Opinion filed December 11, 2014.**



In The

# Fourteenth Court of Appeals

## NO. 14-14-00453-CR

### DAVID FITZGERALD UNDERWOOD, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from the 185th District Court
Harris County, Texas
Trial Court Cause No. 1408488**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant David Fitzgerald Underwood of possession of a controlled substance. Appellant pled "true" to two enhancement allegations and the trial court sentenced him to prison for forty years. In his sole issue on appeal, appellant claims his sentence constituted cruel and unusual punishment.[1]

---

[1] Appellant concedes that his sentence was within the applicable statutory range.

To preserve for appellate review a complaint that a sentence is grossly disproportionate, constituting cruel and unusual punishment, a defendant must present to the trial court a timely request, objection, or motion stating the specific grounds for the ruling desired. *See* Tex. R. App. P. 33.1(a); *Rhoades v. State*, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996) (defendant waived any error because he presented his argument for first time on appeal); *Jagaroo v. State*, 180 S.W.3d 793, 802 (Tex.App.—Houston [14th Dist.] 2005, pet. ref'd) (defendant did not raise complaints that his sentences violated his state and federal rights against cruel and unusual punishment in the trial court, and thus failed to preserve them for appellate review). *See also Arriaga v. State*, 335 S.W.3d 331, 334–35 (Tex.App.—Houston [14th Dist.] 2010, pet. ref'd). Appellant admits that no objection was made but, citing *Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), argues we *may* address the merits of his complaint. In *Nicholas*, this court stated, "[t]he constitutional right to be free from cruel and unusual punishment may be waived." In its proper context, this statement was made to reiterate that the *constitutional* right against cruel and unusual punishment could be waived. *Id.*

The claim presented on appeal was not raised when appellant was sentenced[2] or in a post-verdict motion filed with the trial court. Accordingly, nothing is preserved for our review. *See Castaneda v. State*, 135 S.W.3d 719, 723 (Tex.App.—Dallas 2003, no pet.). We therefore overrule appellant's issue and affirm the trial court's judgment.

PER CURIAM

---

[2] Appellant does not claim, and we do not find, that his plea for leniency when the trial court assessed his sentence preserved the error raised on appeal.

Panel consists of Chief Justice Frost and Justices Christopher and Busby.

Do Not Publish — Tex. R. App. P. 47.2(b).