**Opinion filed August 28, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00377-CR

_____

## JOHNNY CRAIG TROUT, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 70th District Court**

**Ector County, Texas**

**Trial Court Cause No. A-37,204**

## M E M O R A N D U M   O P I N I O N

The jury found Appellant, Johnny Craig Trout, guilty of the second-degree felony offense of burglary of a habitation.[1]  The jury assessed punishment at confinement for five years and a fine of $5,000, but recommended community supervision.  The trial court accepted the recommendation of the jury, suspended the

---

[1]*See* TEX. PENAL CODE ANN. § 30.02(a), (c)(2) (West 2011).

sentence, placed Appellant on community supervision for ten years, imposed the fine of $5,000, and then sentenced Appellant to 180 days in the county jail as part of his community supervision. Appellant's pro se brief makes several complaints but does not outline any issues; however, we construe the brief to raise two issues on appeal with an attempt to raise two additional issues. We affirm.

## I. *The Charged Offense*

The grand jury returned an indictment against Appellant for the first-degree felony offense of burglary of a habitation for entering a habitation without the consent of the owner and committing or attempting to commit the felony offense of aggravated assault with a deadly weapon. PENAL § 30.02(d). The jury convicted Appellant of the lesser included offense of burglary of a habitation for entering a habitation without the consent of the owner and committing or attempting to commit simple assault. *Id.* § 30.02(a)(3). As relevant here, a person commits the offense of burglary of a habitation if, without the effective consent of the owner, he enters a habitation and commits or attempts to commit a felony, theft, or an assault. *Id.* This offense is a felony of the second degree if the offense occurs in a habitation. *Id.* § 30.02(c)(2). An individual adjudged guilty of a felony in the second degree shall be punished by imprisonment for any term of not more than twenty years or less than two years and a fine not to exceed $10,000. *Id.* § 12.33 (West 2011).

## II. *Evidence at Trial*

One winter day in Odessa, Brenda Burk and Dustin Burk, Appellant's former girlfriend and her son, visited Deanna Crouch at her home. Michelle Havner, Crouch's daughter-in-law, was also at Crouch's home. During the visit, Crouch heard a noise at the door to her carport, and she looked out of the small diamond-shaped window in the door and saw someone bending down on the other side. Crouch then reached to lock the deadbolt when Appellant burst through the door and knocked her over. Crouch testified that Appellant yelled, "I'm going to kill. Give

2

me my keys, b---h." Similarly, Brenda testified that Appellant yelled, "I'm going to kill you, b---h." Brenda then screamed to her son, Dustin, who was in the kitchen, that Appellant was holding a knife.

At trial, Dustin described Appellant's knife as a pocketknife, whereas Brenda described it as a huge kitchen knife with a very long blade, almost machete size. Crouch testified that Appellant had a pocketknife in one hand and a butcher knife in the other. Michelle, who went to the back room of the house after Appellant forced his way in, testified that she did not see Appellant with a knife. Dustin ran out of the kitchen and kicked Appellant in the stomach and the crotch, as Brenda ran outside into the carport to call 911. Dustin then shoved Appellant out the door into the carport and threw a crate at him as Appellant lunged toward Brenda with a knife. Appellant then ran down the street to the storerooms located in the alleyway on Crouch's property. Appellant then walked back toward the house as a deputy from the Ector County Sheriff's Department pulled into Crouch's driveway. Justin Hamm, a deputy with the sheriff's department, apprehended Appellant, but Deputy Hamm did not find the knife.

Matthew Havner, Crouch's son, arrived at the scene and walked back to the storerooms to search for Appellant's knife. Matthew testified that he found a knife with a seven-inch blade by the storerooms, picked it up with a plastic bag, and called the sheriff's department to retrieve the knife. Vicki Drennan, a crime scene investigator, testified that the sheriff's department catalogs all evidence with an invoice number. However, if a defendant pleads guilty to a charge, then the evidence is destroyed. After Appellant's arrest, he pleaded guilty to a violation of the protective order that Brenda Burk filed some months earlier, so the sheriff's department destroyed the knife without cross-referencing it to the present case.

### III. *Analysis*

Appellant, who is pro se, first submitted a set of documents written by his mother as his brief. The State moved to have the brief redrawn, and we ordered Appellant to submit a new brief. The second brief, written by Appellant, failed to (1) identify the parties, (2) provide an index of authorities, (3) present a statement of the case, (4) outline issues presented, (5) give a summary of his argument, and (6) provide an argument with citations to both the record and authorities. *See* TEX. R. APP. P. 38.1(a), (c), (d), (f), (h), (i). Although Appellant provided a recitation of facts, he rarely cited to the record except to briefly reference testimony about the knife and to claim alleged inaccuracies in the record. *See* TEX. R. APP. P. 38.1(g); *Narvaiz v. State*, 840 S.W.2d 415, 430 (Tex. Crim. App. 1992) (held appellant waived any error by failing to identify where in the record the alleged error occurred).

Appellant is not entitled to special consideration solely because he is pro se. *See Johnson v. State*, 760 S.W.2d 277, 279 (Tex. Crim. App. 1988). Although we allow some latitude to a pro se appellant to comply with the Rules of Appellate Procedure, Appellant's brief fails to meet most of the requirements.[2] *See Perez v. State*, 261 S.W.3d 760, 763 n.2 (Tex. App.—Houston [14th Dist.] 2008, pet. ref'd) (a pro se litigant is held to the same standards as a licensed attorney and must comply with applicable laws and rules of procedure). After a review of Appellant's brief, we note that Appellant complains about the sufficiency of the evidence and alleged excessive punishment in violation of the Eighth Amendment of the United States Constitution.[3] And even though his briefing is insufficient, we note that he also

---

[2]We note that Appellant was represented by retained counsel at trial and that Appellant thereafter presented a claim of indigence to the trial court with respect to this appeal. The trial court determined that Appellant was not indigent.

[3]*See* U.S. CONST. amend. VIII.

4

claims the State withheld evidence, which is an allegation that the State violated *Brady*.[4]  Appellant also complains about the jury verdict form.

### A. *Challenge to Sufficiency of the Evidence*

Appellant contends that the evidence was insufficient to sustain his conviction for burglary of a habitation.  We review sufficiency of the evidence under the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 318 (1979).  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010).  Under this standard, we review all of the evidence in the light most favorable to the jury's verdict and decide whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.  *Jackson*, 443 U.S. at 319.  The trier of fact holds the responsibility to resolve conflicts in the testimony fairly, weigh the evidence, and draw reasonable inferences from basic facts to ultimate facts.  *Id.*  We are to resolve inconsistencies in the testimony in favor of the verdict.  *Curry v. State*, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000); *Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986); *Isham v. State*, 258 S.W.3d 244, 248 (Tex. App.—Eastland 2008, pet. ref'd).

The relevant element, under Section 22.01(a)(2) of the Texas Penal Code, which was properly outlined in the jury charge, is "intentionally or knowingly threatens another with imminent bodily injury."  PENAL § 22.01(a)(2) (assault).  Brenda testified that Appellant threatened to kill her and lunged at her with a knife.  Though the witnesses' testimony was inconsistent regarding Appellant's possession of a knife, possession of a deadly weapon is not an element of the lesser included offense of which Appellant was convicted.  *Id.* § 30.02(a).  If the evidence raises any conflicting inferences, we presume that the trier of fact resolved such conflicts in favor of the prosecution.  *Jackson*, 443 U.S. at 318; *Brooks*, 323 S.W.3d at 894;

---

[4]*Brady v. Maryland*, 373 U.S. 83, 87 (1963).

*Curry*, 30 S.W.3d at 406.  As factfinder, the jury may determine the weight and credibility of a witness's testimony.  *Sharp*, 707 S.W.2d at 614.  We hold the evidence was sufficient for the jury to have found beyond a reasonable doubt that Appellant entered Crouch's habitation, without her consent, and committed or attempted to commit an assault.  We overrule Appellant's issue on the sufficiency of the evidence.

### B. Allegation of Cruel and Unusual Punishment

Appellant argues that his sentence was very excessive and constitutes cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.  *See* U.S. CONST. amend. VIII.  Appellant did not raise this issue at trial, and it is waived.  TEX. R. APP. P. 33.1(a); *Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd).  We overrule Appellant's issue on punishment.

### C. Complaints about Grand Jury Notes and Handwritten Jury Verdict Form

Appellant complains that he did not get grand jury witness information, which the State interprets as an attempt to claim a *Brady* violation because a list of grand jury witnesses was never produced.  Appellant also complains that the trial court improperly handwrote part of the jury verdict form.  Appellant does not cite to any authorities on these complaints, and these complaints are waived.  *See* TEX. R. APP. P. 38.1; *Perez*, 261 S.W.3d at 765.

### D. Two Miscellaneous Issues

Finally, Appellant complains that the court reporter's record is inaccurate concerning certain dates and testimony.  He claims, among other things, that the knife was not accidentally destroyed by law enforcement but was part of the evidence at trial.  Appellant's last complaint is that he did not receive any tape recordings, as part of the appellate record, to review to prepare his appeal.  We note

6

that no tape recordings were admitted into evidence at trial.  Again, Appellant has failed to cite any authorities to support his complaints, and these issues are waived. *See* TEX. R. APP. P. 38.1(h); *Perez*, 261 S.W.3d at 765.

## IV. *Conclusion*

We have reviewed the record, and we hold that the evidence is sufficient to support Appellant's conviction.  We further hold that Appellant waived his complaints about punishment, the grand jury information, the jury verdict form, and alleged inaccurate or missing evidence.  We overrule all of Appellant's issues.

## V. *This Court's Ruling*

We affirm the judgment of the trial court.


MIKE WILLSON

JUSTICE


August 28, 2015

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.