**AFFIRMED as MODIFIED and Opinion Filed January 11, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-20-00290-CR**
**No. 05-20-00292-CR**

**JAMES ARNAZ RANDLE, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 203rd Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause Nos. F-1730614-P, F17-30615-P**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Reichek
Opinion by Justice Reichek

James Arnaz Randle appeals two judgments convicting him for the offense of aggravated sexual assault of a child. In four issues, appellant contends the evidence is insufficient to support his convictions, the punishments assessed are unconstitutionally excessive, and the judgments must be modified to accurately reflect the proceedings below. We agree the judgments require modification and, as modified, we affirm the trial court's judgments.

## I. Sufficiency of the Evidence

In his first issue, appellant contends the evidence is insufficient to support his convictions. When reviewing a challenge to the legal sufficiency of the evidence supporting a criminal conviction, we view the evidence in the light most favorable to the verdict and determine whether a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *Lucio v. State*, 351 S.W.3d 878, 894 (Tex. Crim. App. 2011). We do not resolve conflicts of fact, weigh evidence, or evaluate the credibility of the witnesses as this is the function of the trier of fact. *See Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead we determine whether both the explicit and implicit findings of the trier of fact are rational by viewing all the evidence admitted at trial in the light most favorable to the adjudication. *Adelman v. State*, 828 S.W.2d 418, 422 (Tex. Crim. App. 1992). The factfinder is the sole judge of the witnesses' credibility and their testimony's weight. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex. Crim. App. 1984). The factfinder may choose to disbelieve all or any part of a witness's testimony. *See Sharp v. State*, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986). Each fact need not point directly and independently to the guilt of the appellant as long as the cumulative force of all the incriminating circumstances is enough to warrant conviction. *See Kennemur v. State*, 280 S.W.3d 305, 313 (Tex. App.—Amarillo 2008, pet. ref'd).

In trial court cause number F17-30614-P, appellant was indicted for the offense of aggravated sexual assault of a child. The indictment alleged that, on or about March 13, 2017, appellant knowingly and intentionally caused his sexual organ to contact and penetrate the mouth of K.H., a child under the age of fourteen. In trial court cause number F17-30615-P, appellant was indicted for a second offense of aggravated sexual assault involving the same child. The indictment alleged that, on or about April 6, 2017, appellant knowingly and intentionally caused K.H.'s sexual organ to contact and penetrate his mouth. Both indictments included a single enhancement allegation based on a previous conviction for an unrelated offense of aggravated sexual assault of a child.

The testimony at trial showed that appellant was in a relationship with K.H.'s mother ("Mother") and moved in with her in September 2016. Mother stated she was divorced and needed someone to watch her children while she was at work. K.H., the youngest of Mother's three children, was eight years old at the time.

As appellant was moving in, Mother found paperwork in his belongings showing that he had been incarcerated for sexual assault of a child. Appellant told her the accusation was made by his daughter while he was in jail for something else and he believed his daughter had been coerced into making the allegations. Appellant further told her that he pleaded guilty to the offense only because he thought the judge "had already made up his mind." Mother believed him.

A few months later, on April 6, 2017, Mother came home from work and she and appellant had a fight. Mother testified that, after appellant went into their bedroom, K.H. came out and handed her a note. The note said "Dear Mommy, please don't be mad. Me and [appellant] have been doing nasty things. Please don't be mad. I love you." Mother immediately took K.H. into one of the bathrooms and asked her what she meant by "nasty things." K.H. responded that appellant had kissed her on her mouth and also on her "private."

Mother then confronted appellant with what K.H. had told her. Appellant responded that Mother did not know what K.H. was "into." When Mother said appellant had never mentioned K.H.'s behavior before, he said she was right and that he should have said something earlier. Mother then told appellant she believed K.H. and ordered him to leave the apartment.

After appellant had gone, Mother spoke with K.H. again about what had happened. According to Mother, K.H. said appellant came to her after going to the bathroom and told her to "open up her mouth." Mother testified this is the same thing appellant would say to her when he wanted oral sex. Mother called the police the next day and appellant was arrested.

One year later, K.H. testified at appellant's trial which was conducted before the court without a jury. K.H. stated appellant would pick her and her brothers up from school and take them back to their apartment. The boys would go into one of the bedrooms to do their homework and K.H. would go into the other bedroom with

appellant to watch television.  K.H. stated that, while they were in the bedroom, she and appellant would touch each other's private parts and that his mouth touched her private part.  She further stated that appellant told her to kiss his private part.  K.H. identified their private parts as her vagina and appellant's penis.  K.H. stated this occurred on at least two occasions, once during spring break and again on the day she gave her mom the note.  She said she never told anyone about what had happened with appellant before she gave Mother the note.

On cross-examination, K.H. stated Mother and the other family members stopped liking appellant when he started "being mean" to them.  K.H. also said she had watched a program on television that depicted a little girl being abused by a family member.  But when questioned by the court, K.H. stated no one told her what to say about appellant and she was telling the truth.  She further said she was not trying to get appellant into trouble.

Appellant testified in his own defense.  Appellant stated he consistently removed K.H. from the bedroom when they were home alone, but she would insist on being with him.  He further testified that K.H. began acting inappropriately after she saw him and Mother having sex.  Appellant said he observed K.H. "playing with herself" and he thought K.H.'s underwear might be too tight.  Appellant bought K.H. new underwear, but he said the behavior continued.  According to appellant, he told Mother that K.H. "was doing some things that little girls ain't supposed to be doing"

like jumping on him and trying to touch his private parts, but Mother did nothing about it.

Appellant contends the evidence is insufficient to support his convictions because there was no physical evidence to support K.H.'s testimony. He additionally points to K.H.'s admission that she did not like appellant and the fact that she had watched a television program involving abuse of a child to suggest that she was lying. In the face of his "vehement denials" of the allegations and his testimony about K.H.'s behavioral issues, appellant argues no rational trier of fact could have found him guilty beyond a reasonable doubt.

Appellant's reliance on the lack of physical evidence is misplaced. It is well settled there is no requirement that a child victim's testimony be corroborated by medical or physical evidence. *See Garcia v. State*, 563 S.W.2d 925, 928 (Tex. Crim. App. 1978); *Tear v. State*, 74 S.W.3d 555, 560 (Tex. App.—Dallas 2002, pet. ref'd). The testimony of the child alone is sufficient to support a conviction for aggravated sexual assault. *Tear*, 74 S.W.3d at 560.

As for appellant's contention that K.H.'s testimony was not trustworthy, the principle that credibility is judged solely by the fact-finder applies unequivocally to the testimony of a child victim of sexual assault. *Karnes v. State*, 873 S.W.2d 92, 96 (Tex. App.—Dallas 1994, no pet.). The trier of fact may reconcile conflicts in the testimony and accept or reject any or all of the evidence on either side. *Id*. at 95. Viewing the evidence in the light most favorable to the verdict, as we must, we

conclude the evidence was sufficient to support the trial court's judgment. We resolve appellant's first issue against him.

## II. Constitutionality of Punishment

In his fourth issue, appellant contends the automatic life sentences imposed on him pursuant to section 12.42(c)(2) of the Texas Penal Code are excessive and amount to cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. Appellant concedes he made no objection in the trial court that his punishment was unconstitutionally excessive. *See Arriaga v. State*, 335 S.W.3d 331, 334 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd) (appellant required to make timely objection in trial court to preserve complaint that automatic life sentence for aggravated sexual assault of a child was unconstitutionally excessive). Appellant further concedes that current case law does not support his position. *See, e.g., id*. at 335. (life sentence for aggravated sexual assault of a child not unconstitutionally excessive).

The courts that have addressed whether Texas's habitual offender statute rises to the level of being cruel and unusual punishment have concluded that it does not. *See, e.g., Rummel v. Estelle*, 445 U.S. 263, 285 (1980); *Harris v. State*, 656 S.W.2d 481, 486 (Tex. Crim. App. 1983) (en banc); *Price v. State*, 35 S.W.3d 136, 143–44 (Tex. App.—Waco 2000, pet. ref'd). Courts have also held that the length of a criminal sentence is a matter of legislative prerogative and a sentence is not cruel and unusual simply because it is mandatory. *See, e.g., Rummel*, 445 U.S. at

284–85; *Price*, 35 S.W.3d at 144. Punishment is not cruel and unusual if it is assessed within the range authorized by statute. *McNew v. State*, 608 S.W.2d 166, 174 (Tex.Crim.App. [Panel Op.] 1978); *Mayfield v. State*, No. 05-08-00334-CR, 2010 WL 670120, at *6, (Tex. App.—Dallas Feb. 26, 2010, no pet.).

In this case appellant was found guilty of sexually assaulting an eight year old child. Because he was previously convicted of aggravated sexual assault of a child, penal code section 12.42 mandated a life sentence. *See* TEX. PENAL CODE ANN. § 12.42(c)(2). The purpose of the "two strikes" amendment to the habitual sex offender provisions was to "strengthen Texas's sex-offender laws by ... get[ting] sex offenders off the streets and away from potential victims for a longer period of time." *Griffith v. State*, 116 S.W.3d 782, 788 (Tex. Crim. App. 2003); *See also Williams v. State*, 10 S.W.3d 370, 372 (Tex. App.—Tyler 1999, pet. ref'd) (legislature has interest in removing habitual sexual predators of children from society and protecting children of this State). We conclude the mandatory life sentences assessed in this case do not constitute cruel and unusual punishment. We resolve appellant's fourth issue against him.

### III. Modifications of the Judgments

In his second and third issues, appellant contends the judgments signed by the trial court need to be corrected. We agree. When the record contains the necessary information to correct inaccuracies in a trial court's judgment, we have the authority to reform the judgment to speak the truth. TEX. R. APP. P. 43.2(b); *Bigley v. State*,

865 S.W. 2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).

Both judgments at issue state appellant entered pleas of "guilty" to the charged offenses. The record shows, however, that appellant pleaded "no contest" in each case. Further, the judgments state appellant pleaded "true" to two enhancement paragraphs when the record shows appellant pleaded "not true" to a single enhancement paragraph that was found true by the trial court. Finally, in the section of the judgments pertaining to the terms of a plea bargain, the judgments state "life." There was no plea bargain in either case.

Accordingly, we reform the judgments as follows: In the portions of the judgments for "Plea to the Offense" we delete the word "GUILTY" and replace it with "NO CONTEST." In the portions of the judgments pertaining to the first enhancement paragraphs, we delete the word "TRUE" as to the pleas and replace it with "NOT TRUE." We further delete the "N/A" findings on the first enhancement paragraphs and replace it with "TRUE." With respect to the portions of the judgments pertaining to a second enhancement paragraph, we delete the word "TRUE" as to the plea and replace it with "N/A." Finally, in both judgments we delete the word "LIFE" in the section regarding terms of a plea bargain and replace it with "N/A."

As modified, we affirm the trial court's judgments.


　　　　　　　　　　　　　　　　　　 /Amanda L. Reichek/
　　　　　　　　　　　　　　　　　　 AMANDA L. REICHEK
　　　　　　　　　　　　　　　　　　 JUSTICE


Do Not Publish
TEX. R. APP. P. 47.2(b)
200290F.U05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ARNAZ RANDLE,
Appellant

No. 05-20-00290-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1730614-P.
Opinion delivered by Justice
Reichek. Justices Osborne and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**MODIFIED** as follows:

> In the portion of the judgment for "Plea to the Offense" we delete the word
> "GUILTY" and replace it with "NO CONTEST." In the portion of the judgment
> pertaining to the first enhancement paragraph, we delete the word "TRUE" as to
> the plea and replace it with "NOT TRUE." We further delete the "N/A" finding
> on the first enhancement paragraph and replace it with "TRUE." With respect to
> the portion of the judgment pertaining to a second enhancement paragraph, we
> delete the word "TRUE" as to the plea and replace it with "N/A." Finally, we
> delete the word "LIFE" in the section regarding terms of a plea bargain and
> replace it with "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 11, 2022



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JAMES ARNAZ RANDLE,
Appellant

No. 05-20-00292-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 203rd Judicial
District Court, Dallas County, Texas
Trial Court Cause No. F-1730615-P.
Opinion delivered by Justice
Reichek. Justices Osborne and
Pedersen, III participating.

Based on the Court's opinion of this date, the judgment of the trial court is **MODIFIED** as follows:

> In the portion of the judgment for "Plea to the Offense" we delete the word "GUILTY" and replace it with "NO CONTEST." In the portion of the judgment pertaining to the first enhancement paragraph, we delete the word "TRUE" as to the plea and replace it with "NOT TRUE." We further delete the "N/A" finding on the first enhancement paragraph and replace it with "TRUE." With respect to the portion of the judgment pertaining to a second enhancement paragraph, we delete the word "TRUE" as to the plea and replace it with "N/A." Finally, we delete the word "LIFE" in the section regarding terms of a plea bargain and replace it with "N/A."

As **REFORMED**, the judgment is **AFFIRMED**.

Judgment entered January 11, 2022