

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. PD-0180-15

**PATRICIA ELIZABETH HARKCOM, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW FROM THE SECOND COURT OF APPEALS HOOD COUNTY

JOHNSON, J., delivered the opinion of the Court in which MEYERS, KEASLER, HERVEY, ALCALÁ, RICHARDSON, and NEWELL, JJ., joined. KELLER, P.J., and YEARY, J., concurred.

### O P I N I O N

Appellant Patricia Elizabeth Harkcom was charged with possession of a controlled substance, methamphetamine, in an amount of less than one gram.[1] After conviction, the court of appeals dismissed her appeal for want of jurisdiction, and appellant petitioned this Court for discretionary review. We reverse.

### Facts

---

[1] TEX. HEALTH & SAFETY CODE § 481.115(a), (b).

On December 31, 2011, appellant was a passenger in a car in which methamphetamine was discovered during a routine traffic stop. Appellant was arrested and charged with possession of a controlled substance, methamphetamine, of less than one gram. On October 2, 2012, appellant was convicted of a state jail-felony and was sentenced to twenty-four months' imprisonment and a $2,250.00 fine. The trial court certified her right to an appeal that same day. On October 30, 2012, the twenty-eighth day after the sentence was imposed, appellant filed a *pro se* application for appointment of counsel, writing the word "APPEAL" on the top of the document. This was the only document made available to appellant while incarcerated, and she had not yet been appointed an attorney. On October 31, 2012, twenty-nine days after the sentence was imposed, the trial court granted appellant's application for appointment of counsel and changed the title of the document to "Order Appointing Counsel on Appeal" by adding the words "ON APPEAL" in block letters to the original title and crossing out the word "Denying" in the phrase "Order Appointing/Denying Counsel." It is clear from this amended document that the trial judge understood the appellant to be acting *pro se* and giving notice of appeal. The trial court signed and filed the judgment the same day. Appellate counsel was notified of his appointment the next day, thirty days after sentence was imposed. Appellate counsel filed a more formal notice of appeal on November 8, 2012, seven days past the 30-day deadline to timely file a notice of appeal.[2]

## The Judgment of the Court of Appeals

The court of appeals dismissed the appeal for want of jurisdiction due to the lack of

---

[2] TEX. R. APP. P. 26.2(a)(1). Counsel could have filed this second notice of appeal with a motion in accordance with TEX. R. APP. P. 10.5(b), which would have allowed the trial court to extend the time in which to file an appeal.

a timely notice of appeal. *Harkcom v. State*, No. 02-12-00576-CR, 2014 WL 4923003, at \*4 (Tex. App.—Fort Worth Oct. 2, 2014, pet. granted). It stated that a timely notice of appeal was essential to vest the court with jurisdiction. *Id.* The court of appeals reasoned that appellant's application for appointment of counsel did not necessarily convey a desire to appeal and therefore did not give timely notice of appeal. *Id.* As the record was devoid of a timely notice of appeal or a timely motion for extension of time to file a notice of appeal, the court of appeals concluded that it must dismiss the appeal for want of jurisdiction. *Id.*

The court of appeals recognized that a notice of appeal is sufficient when it shows a defendant's desire to appeal. *Id.* And it recognized that this Court has instructed the courts of appeals to liberally construe rules related to the perfection of an appeal. *Id.* (citing *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007)). Still, the court of appeals concluded that the handwritten reference to an appeal on the order granting appellant's application is not determinative and "does not necessarily reflect the trial court's understanding of appellant's present intent to appeal." *Id.* Explaining further, the court appeals stated, "[I]t may, instead, reflect the court's acknowledgment that appellant would need counsel if she later decided to appeal." *Id.* We find this analysis contrary to our instruction to construe the rules related to the perfection of an appeal liberally.

## Application

A defendant's notice of appeal is timely filed if it is filed within 30 days after the day the sentence is imposed or suspended in open court or, if the defendant has filed a timely motion for new trial, within 90 days after the day the sentence is imposed.[3] Notice must be given in writing and filed

---

[3] TEX. R. APP. P. 26.2(a)(1), (a)(2).

with the trial-court clerk.[4]  Notice is sufficient if it shows the party's desire to appeal from the judgment or other appealable order.[5]

The Texas Rules of Appellate Procedure were amended in 2002 to prevent trivial, reparable mistakes or defects from divesting appellate courts of the jurisdiction to consider the merits of both state and defense appeals in criminal cases.  *Few*, 230 S.W.3d at 187.  The Rules of Appellate Procedure should be construed reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.  *Id.* at 189 (citing *Verburgt v. Dorner*, 959 S.W.2d 615, 617 (Tex. 1997)).

A person's right to appeal a civil or criminal judgment should not depend upon traipsing through a maze of technicalities.  *Id*. at 190.  We do not require "magic words" or a separate instrument to constitute notice of appeal.  All that is required is that the notice be in writing, be submitted within thirty days or ninety days after sentencing, as appropriate, and show the party's desire to appeal from the judgment or other appealable order.  In this instance, appellant used the materials available to her while incarcerated.  We know that, by adding the simple word "APPEAL" to the Order requesting counsel, appellant was able to make clear to the trial-court judge that she was attempting to invoke the appellate court's jurisdiction because the judge further amended the document by adding the words "ON APPEAL" after the phrase "Order Appointing/Denying Counsel," crossing out "Denying," and appointing appellate counsel.  The trial-court judge thereby recognized appellant's intent to give a notice of appeal and request appellate counsel.  Construing the Rules of Appellate Procedure liberally leads us to conclude that appellant gave sufficient notice

---

[4]  TEX. R. APP. P. 25.2(c)(1).

[5]  TEX. R. APP. P. 25.2(c)(2).

of appeal to invoke the appellate court's jurisdiction.

We reverse the judgment of the court of appeals and remand this case to that court for further proceedings consistent with this opinion.

Delivered:  March 9, 2016
Publish