# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-14-00586-CR

Terrell Delone Maxwell, Appellant

v.

The State of Texas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
NO. D-1-DC-08-300490, HONORABLE DAVID CRAIN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Terrell Delone Maxwell of the offense of capital murder.[1] Maxwell was 17 years old at the time he committed the offense and thus was ineligible for the death penalty.[2] Consequently, punishment was assessed at life imprisonment without the possibility of parole, which at the time of Maxwell's conviction was the mandatory sentence for individuals convicted of a capital felony in cases in which the State did not seek the death penalty.[3]

---

[1] *See* Tex. Penal Code § 19.03(a)(2).

[2] *See Roper v. Simmons*, 543 U.S. 551, 578 (2005).

[3] *See* Act of May 28, 2005, 79th Leg., R.S., ch. 787, § 1, 2005 Tex. Gen. Laws 2705 (amended 2009 and 2013) (current version at Tex. Penal Code § 12.31(a)).

After this Court affirmed Maxwell's judgment of conviction,[4] the United States

Supreme Court held that a sentence of "mandatory life without parole for those under the age of

18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual

punishments.'"[5] Subsequently, Maxwell obtained habeas-corpus relief from the Court of Criminal

Appeals, which vacated Maxwell's sentence and remanded the case to the district court "for

further sentencing proceedings to permit the factfinder to assess applicant's sentence at (1) life with

the possibility of parole . . . or (2) life without parole after consideration of applicant's individual

conduct, circumstances, and character."[6] Upon remand, the district court, after observing that the

State was no longer seeking a sentence of life without parole, instead sentenced Maxwell to life

imprisonment with the possibility of parole.  This appeal followed.[7]

---

[4] *See Maxwell v. State*, No. 03-09-00027-CR, 2010 Tex. App. LEXIS 9036, at *28 (Tex. App.—Austin Nov. 12, 2010, pet. ref'd) (mem. op., not designated for publication).

[5] *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2012).

[6] *Ex parte Maxwell*, 424 S.W.3d 66, 76 (Tex. Crim. App. 2014).

[7] The State has filed a motion to dismiss the appeal, asserting that Maxwell's notice of appeal was untimely filed.  Maxwell's sentence was imposed on August 8, 2014, making his notice of appeal due on or before September 8, 2014.  *See* Tex. R. App. P. 26.2(a)(1).  As a general rule, "a notice of appeal is 'filed' when it is physically delivered to, and received by, the clerk of the trial court."  *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012).  Maxwell's notice of appeal was file-stamped by the district clerk on September 11, 2014, which is beyond the 30-day filing deadline.  However, a well-established exception to the physical-delivery requirement is the mailbox rule, "which applies in both civil and criminal cases and provides that a document received within ten days after the filing deadline is considered timely filed if it was 'sent to the proper clerk' through the United States Postal Service; placed in a 'properly addressed,' stamped envelope; and deposited in the mail on or before the last day of filing."  *Taylor v. State*, 424 S.W.3d 39, 43-44 (Tex. Crim. App. 2014) (citing Tex. R. App. P. 9.2(b)).  Moreover, the Court of Criminal Appeals has adopted the "prisoner mailbox rule," concluding that "the pleadings of pro se inmates shall be deemed filed at the time they are delivered to prison authorities for forwarding to the court clerk."  *Campbell v. State*, 320 S.W.3d 338, 344 (Tex. Crim. App. 2010).  Maxwell's notice of appeal

In his sole issue on appeal, Maxwell asserts that his sentence of life imprisonment with the possibility of parole violates the Eighth Amendment prohibition against cruel and unusual punishment.[8] In Maxwell's view, his age at the time he committed the offense entitled him to a punishment hearing at which mitigating evidence concerning his individual conduct, circumstances, and character could be considered.

A similar contention has already been rejected by the Court of Criminal Appeals. In *Lewis v. State*, a juvenile defendant was convicted of capital murder and was assessed a mandatory sentence of life imprisonment without the possibility of parole.[9] Because his sentence was mandatory, Lewis was not afforded the opportunity to present mitigating evidence at his punishment hearing.[10] Lewis's conviction was affirmed on appeal. However, following *Miller*,[11] the appellate court granted Lewis's motion for rehearing and reformed his sentence to life

---

appears to have been filed pro se while he was in jail, and the certificate of service indicates that he delivered his notice of appeal to prison officials for mailing on September 8, 2014, the last day of filing. On this record, we conclude that Maxwell's notice of appeal was timely filed and overrule the State's motion to dismiss. *See Taylor*, 424 S.W.3d at 43-47; *Campbell*, 320 S.W.3d at 342-44; *see also Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016) ("The Rules of Appellate Procedure should be construed reasonably, yet liberally, so that the right to appeal is not lost by imposing requirements not absolutely necessary to effect the purpose of a rule.").

[8] *See* U.S. Const. amend. VIII.

[9] 428 S.W.3d 860, 861 (Tex. Crim. App. 2014).

[10] *Id*. at 862.

[11] *See supra* n.5.

imprisonment.[12] Lewis filed a petition for discretionary review, urging that his reformed sentence was unconstitutional "because *Miller* requires individualized sentencing of juvenile offenders."[13]

The Court of Criminal Appeals disagreed. Observing that the holding in *Miller* "was narrow," the court concluded that "*Miller* does not forbid mandatory sentencing schemes."[14] It explained:

> The sentencing scheme in *Miller* was unconstitutional because it denied juveniles convicted of murder all possibility of parole, leaving them no opportunity or incentive for rehabilitation. Life in prison with the possibility of parole leaves a route for juvenile offenders to prove that they have changed while also assessing a punishment that the Legislature has deemed appropriate in light of the fact that the juvenile took someone's life under specified circumstances.[15]

The court added, "*Miller* does not entitle all juvenile offenders to individualized sentencing. It requires an individualized hearing only when a juvenile can be sentenced to life without the possibility of parole."[16] The court concluded that the holding in *Miller* was "limited to a prohibition on mandatory life without parole for juvenile offenders."[17] Because *Miller* did not prohibit a

---

[12] *Id*.

[13] *Id*. at 863.

[14] *Id*.

[15] *Id*.

[16] *Id*.

[17] *Id*. at 864.

mandatory sentence of life with the possibility of parole, the court held that Lewis was not entitled to a punishment hearing.[18]

In this case, as in *Lewis*, Maxwell was sentenced to life imprisonment with the possibility of parole. Accordingly, consistent with *Lewis* and subsequent opinions that have followed *Lewis*, we conclude that Maxwell was not entitled to an individualized punishment hearing.[19]

Maxwell further contends that his sentence of life imprisonment with the possibility of parole amounts to a "de facto life sentence." Maxwell, who will be eligible for parole after serving 40 years of his sentence,[20] asserts that it is improbable that the Board of Pardons and Paroles will actually release him on parole once he becomes eligible. However, as the State observes, "[b]ecause the probability of parole necessarily encompasses [the] factor of life expectancy and a

---

[18] *Id*.

[19] *See id*.; *see also Turner v. State*, 443 S.W.3d 128, 129 (Tex. Crim. App. 2014) (following *Lewis* and reversing decision by court of appeals that had remanded case to trial court for individualized sentencing hearing; holding that, "contrary to appellant's argument, he is not entitled to an individualized sentencing hearing. He is only entitled to have his sentence reformed from life without parole to life with the possibility of parole."); *Garza v. State*, No. 04-15-00456-CR, 2016 Tex. App. LEXIS 2444, at *4-7 (Tex. App.—San Antonio Mar. 9, 2016, pet. filed) (mem. op., not designated for publication) (following *Lewis*); *Henry v. State*, No. 05-14-00197-CR, 2015 Tex. App. LEXIS 7151, at *3-5 (Tex. App.—Dallas July 10, 2015, pet. ref'd) (mem. op., not designated for publication) (same); *Wilson v. State*, No. 14-14-00015-CR, 2015 Tex. App. LEXIS 3818, at *3-4 (Tex. App.—Houston [14th Dist.] Apr. 16, 2015, pet. ref'd) (mem. op., not designated for publication) (same).

[20] *See* Tex. Gov't Code § 508.145(b) ("An inmate serving a life sentence under Section 12.31(a)(1), Penal Code, for a capital felony is not eligible for release on parole until the actual calendar time the inmate has served, without consideration of good conduct time, equals 40 calendar years.").

host of other variables, any conclusions about the probability of the appellant being paroled decades from now would necessarily be highly speculative." We will not engage in such speculation here. Moreover, even if we were to conclude that Maxwell's eventual release on parole was improbable, the Supreme Court in *Miller* did not require that parole be "probable"; the Court simply required that parole be "possible."[21] Maxwell's sentence allows for that possibility. Accordingly, on this record, we cannot conclude that Maxwell's sentence violates the Eighth Amendment prohibition against cruel and unusual punishment.

We overrule Maxwell's sole issue.

## CONCLUSION

We affirm the judgment of conviction.

_____

Bob Pemberton, Justice

Before Chief Justice Rose, Justices Pemberton and Field

Affirmed

Filed: August 3, 2016

Do Not Publish

---

[21] *See Miller*, 132 S. Ct. at 2469, 2475; *see also Lewis*, 428 S.W.3d at 863 ("The sentencing scheme in *Miller* was unconstitutional because it denied juveniles convicted of murder all possibility of parole, leaving them no opportunity or incentive for rehabilitation.").