

# Fourth Court of Appeals
## San Antonio, Texas

March 29, 2018

No. 04-18-00166-CR

Christopher **BRADY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 227th Judicial District Court, Bexar County, Texas
Trial Court No. NM367258
Honorable Kevin M. O'Connell, Judge Presiding

## S H O W   C A U S E   O R D E R

On March 14, 2018, appellant filed a "Motion for Appointment of Counsel on Appeal" which we may construe as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016). It appears, however, from the documents contained in the clerk's record that the case has not yet proceeded to trial and judgment.

As a general rule, an appellate court has jurisdiction to consider an appeal by a criminal defendant only after a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *Wright v. State,* 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); *McKown v. State,* 915 S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.); *Ex parte Culver*, 932 S.W.2d 207, 210 (Tex. App.—El Paso 1996, pet ref'd) (appellate courts generally only have jurisdiction to consider an appeal by a criminal defendant where there has been a judgment of conviction).

Accordingly, appellant is ORDERED to show cause in writing why this appeal should not be dismissed for lack of jurisdiction within thirty (30) days from the date of this order. All other appellate deadlines are SUSPENDED pending our resolution of the jurisdictional issue.

_____
Rebeca C. Martinez, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 29th day of March, 2018.



KEITH E. HOTTLE,
Clerk of Court