

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00517-CR

Willie Allen **BOUDRY**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR4039W
Honorable Lorina I. Rummel, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Karen Angelini, Justice
              Marialyn Barnard, Justice

Delivered and Filed:  August 22, 2018

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on May 10, 2018. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed June 11, 2018. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on June 26, 2018. TEX. R. APP. P. 26.3. Appellant filed a notice of appeal on July 20, 2018,[1] but appellant did not file a motion for extension of time in this court.

---

[1] We construe appellant's motion for leave to file late notice of appeal filed in the trial court as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432 (Tex. Crim. App. 2016).

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). A late notice of appeal may be considered timely so as to invoke a court of appeals' jurisdiction if (1) it is filed within fifteen days of the last day allowed for filing, (2) a motion for extension of time is filed in the court of appeals within fifteen days of the last day allowed for filing the notice of appeal, and (3) the court of appeals grants the motion for extension of time. *See id.* Because it appeared from the record that appellant's notice of appeal was untimely filed, appellant was ordered to show cause in writing why this appeal should not be dismissed for lack of jurisdiction.[2] *See id.* Appellant's attorney filed a written response conceding that this court is required to dismiss the appeal. Because appellant's notice of appeal was untimely filed, this appeal is dismissed for lack of jurisdiction. *See Ater v. Eighth Court of Appeals*, 802 S.W.2d 241 (Tex. Crim. App. 1991) (out-of-time appeal from final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH

---

[2] In our show cause order, we also noted the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal," and rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).