**Affirmed as Modified and Memorandum Opinion filed November 13, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-17-00410-CR

**PATRICIO ESTRADA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 179th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1404467**

## M E M O R A N D U M   O P I N I O N

Patricio Estrada appeals the trial court's judgment revoking his deferred adjudication community supervision. Appellant contends that (1) he was denied effective assistance of counsel; (2) the denial of effective assistance of counsel rendered his plea of "true" involuntary; (3) his sentence constitutes cruel and unusual punishment; and (4) the trial court's judgment should be modified to reflect that his plea was without an agreed recommendation, and to delete the assessed $500 fine because no fine was pronounced by the trial court. We affirm the trial court's

judgment as modified.

## BACKGROUND

Appellant was indicted of the first degree felony of aggravated sexual assault of a child after he made his 10-year old daughter perform oral sex on him. He pleaded guilty to the charge in exchange for a six-year deferred adjudication of guilt in 2014. The State filed a motion to adjudicate guilt in November 2014 alleging numerous violations of the community supervision conditions. The State filed a motion to dismiss after the trial court amended the community supervision conditions. The State filed another motion to adjudicate guilt in December 2015 alleging numerous violations of the community supervision conditions, including the usage of cocaine. The State dismissed the motion after appellant agreed to go to a substance abuse residential treatment facility.

The State filed a third motion to adjudicate guilt on March 22, 2016, after appellant left the residential treatment facility without permission on March 18, 2016. Appellant was appointed counsel and pleaded true to the State's allegation that he violated the terms and conditions of his community supervision on August 26, 2017. The trial court "deferred any findings . . . so that [it] could hear some witness testimony." The trial court held a sentencing hearing on August 29, 2016.

Appellant testified at the hearing regarding any diagnosis of mental disorders as follows: "Throughout my life, started off with ADHD; at one point bipolar; paranoia; severe depression; and then in 2010, I believe that's when they said I have the same symptoms as PTSD from seeing things that I [have] seen as a kid and the things that happened to me."

Appellant also testified that the trial court had sent him to a residential treatment facility because he was using drugs while on community supervision. He

2

was at the facility for three months and participated in group treatment. Appellant testified that one of the counselors disclosed that appellant was a sex offender during a group meeting on March 18, 2016. Appellant claimed that a patient who heard appellant was a sex offender sprayed disinfectant on appellant to try to set him on fire, but appellant took the disinfectant and threw it away. According to appellant, "couple of other guys said, Wait until tonight and we'll 'F' him up." Appellant testified that, after "that was said, I just left because there was a lot of things that went on there. The day before, there was a guy put in the hospital the day before that." Appellant admitted to setting off the fire alarm at the facility because that caused the doors to unlock and he was able to leave the facility.

When appellant was asked why he did not report to anyone at the treatment facility that he had been threatened, he testified, "I was threatened through communication. I was not going to put in a communication note and wait and see what happened to me that night . . . I wasn't going to wait until two people burned me or whatever they were going to do." Appellant testified that he did not contact his probation officer or the trial court after he fled the facility. Appellant claimed that he intended to "eventually come back, talk to the Court," but he wanted to hire an attorney first. Appellant testified that he knew he should not have left the facility. He also testified that he was "aware that the judge can sentence [him] anywhere from 5 to 99 years to life."

The trial court found the allegations in the State's motion to adjudicate true based on appellant's plea of true and sentenced appellant to 12 years' confinement. The trial court signed a judgment adjudicating guilt on August 29, 2016. Appellant filed a timely notice of appeal.[1] Before filing his appellate brief in this court,

---

[1] Although the record does not contain a document titled "Notice of Appeal," the record does contain trial counsel's motion to withdraw filed September 7, 2016, in which counsel stated, "Client wants to appeal the resolution of the case and the attorney of record is not an appellate

3

appellant filed an application for writ of habeas corpus on October 19, 2016, which was dismissed on November 2, 2016. *See Ex parte Estrada*, WR-85,893-01 (Tex. Crim. App. Nov. 2, 2016). Appellant filed another application for writ of habeas corpus on August 23, 2017, which the court dismissed on September 20, 2017, "advis[ing] that the Court has denied without written order the application for writ of habeas corpus on the findings of the trial court without a hearing." *See Ex parte Estrada*, WR-85,893-03 (Tex. Crim. App. Sept. 20, 2017). Although it is unclear why appellant filed an application for writ of habeas corpus before exhausting his appeals, this circumstance does not affect the disposition of this appeal.

## ANALYSIS

### I. Ineffective Assistance of Counsel

Appellant argues in his first issue that his plea of "true" was involuntary because he received ineffective assistance of counsel when his trial counsel failed to (1) investigate an insanity defense; (2) "advise the appellant of the defense of 'lack of requisite intent,' i.e., insanity, as well as the defenses of duress and necessity;" and (3) "have the appellant plead 'not true' to the allegations that he violated the terms of his probation." Appellant argues in his second issue that he was denied effective assistance of counsel at his motion to adjudicate punishment hearing because his trial counsel failed to (1) investigate an insanity defense; (2) "advise the

---

attorney and a conflict may arise." This filing suffices as a notice of appeal. A defendant's pro se application for appointment of counsel with the word "Appeal" written on top of the document constituted a notice of appeal and was sufficient to invoke the appellate court's jurisdiction in *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016). *Harkcom* stated, "We do not require 'magic words' or a separate instrument to constitute notice of appeal. All that is required is that the notice be in writing, be submitted within thirty days or ninety days after sentencing, as appropriate, and show the party's desire to appeal from the judgment or other appealable order." Following *Harkcom*, we conclude that trial counsel's motion to withdraw stating that appellant wants to appeal the case is sufficient notice of appeal to invoke appellate jurisdiction. *See id.*

appellant of the defense of 'lack of requisite intent,' i.e., insanity, as well as the defenses of duress and necessity;" (3) "have the appellant plead 'not true' to the allegations that he violated the terms of his probation;" and (4) object to his 12-year sentence as cruel and unusual punishment.

To prevail on a claim of ineffective assistance of counsel, an appellant must show that (1) counsel's performance was deficient because it fell below an objective standard of reasonableness; and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 689 (1984); *Lopez v. State*, 343 S.W.3d 137, 142 (Tex. Crim. App. 2011).

In order to satisfy the first prong, appellant must prove by a preponderance of the evidence that trial counsel's performance fell below an objective standard of reasonableness under the prevailing professional norms. *Lopez*, 343 S.W.3d at 142. A defendant must overcome a strong presumption that trial counsel's actions fell within the wide range of reasonable and professional assistance. *See id*.; *Garza v. State*, 213 S.W.3d 338, 348 (Tex. Crim. App. 2007). "Before granting relief on a claim that defense counsel failed to do something, we ordinarily require that counsel be afforded the opportunity to outline the reasons for the omission." *Roberts v. State*, 220 S.W.3d 521, 533-34 (Tex. Crim. App. 2007).

If counsel's reasons for his conduct do not appear in the record and there is at least the possibility that the conduct could have been grounded in legitimate trial strategy, we will defer to counsel's decisions and deny relief on an ineffective assistance claim. *Garza*, 213 S.W.3d at 348. "'It is not sufficient that appellant show, with the benefit of hindsight, that his counsel's actions or omissions during trial were merely of questionable competence.'" *Lopez*, 343 S.W.3d at 142-43 (quoting *Mata v. State*, 226 S.W.3d 425, 430 (Tex. Crim. App. 2007)). To warrant reversal when trial counsel has not been afforded an opportunity to explain his

reasons, the challenged conduct must be "'so outrageous that no competent attorney would have engaged in it.'" *Roberts*, 220 S.W.3d at 533-34 (quoting *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005)).

To satisfy the second prong, appellant must show that there is a reasonable probability — or a probability sufficient to undermine confidence in the outcome — that the result of the proceeding would have been different but for counsel's unprofessional errors. *Lopez*, 343 S.W.3d at 142.

In determining whether counsel was ineffective, we consider the totality of the circumstances of the particular case. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). Any allegation of ineffectiveness must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Id.*; *see also Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) ("Direct appeal is usually an inadequate vehicle for raising [an ineffective assistance] claim because the record is generally undeveloped."). Failure to satisfy either prong of the *Strickland* test defeats an ineffective assistance claim. *Strickland*, 466 U.S. at 697.

In support of his ineffective assistance claim, appellant cites to his application for writ of habeas corpus and his trial counsel's affidavit addressing the application. He attached these documents as an appendix to his appellate brief. But these documents were filed in a different proceeding and are not part of the record in this appeal. This court cannot consider documents that are not included in the record on appeal. *See Yeske v. Piazza Del Arte, Inc.*, 513 S.W.3d 652, 672 n.5 (Tex. App.— Houston [14th Dist.] 2016, no pet.) ("[T]his court cannot consider documents attached to an appellate brief that are not contained in the appellate record."); *In re J.A.M.R.*, 303 S.W.3d 422, 424-25 (Tex. App.—Dallas 2010, no pet.) ("Our record does not include court records or notes from any other proceedings. Because the

6

facts upon which appellant relies are not in the record before us, we cannot consider them in determining whether the trial court erred in its findings."); *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 465 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) ("[W]e cannot consider documents attached as appendices to briefs and must consider a case based solely upon the record filed."); *Burke v. Ins. Auto Auctions Corp.*, 169 S.W.3d 771, 775 (Tex. App.—Dallas 2005, pet. denied) ("[A]n appellate court cannot consider documents or hearings that are cited in the brief and attached as appendices if they are not formally included in the record on appeal."); *Kaman v. State*, 923 S.W.2d 129, 132 (Tex. App.—Houston [1st Dist.] 1996, no pet.) ("This Court cannot consider an item that is not a part of the record on appeal."); *$429.30 In U.S. Currency v. State*, 896 S.W.2d 363, 365 (Tex. App.—Houston [1st Dist.] 1995, no pet.) ("We cannot consider documents attached to the appellant's brief that do not appear in the record.").

Further, an appellate record may be supplemented only with material that has been omitted from the appellate record; supplementation cannot be used to create a new appellate record with items that were not part of the trial record. *See Solomon v. State*, 49 S.W.3d 356, 365 (Tex. Crim. App. 2001) (disallowing defendant to supplement appellate record with a document from another case); *Berry v. State*, 995 S.W.2d 699, 702 n.5 (Tex. Crim. App. 1999) (disallowing supplementation of appellate record with "supplemental findings of fact and conclusions of law [that] all refer to off-the-record conversations" because "these conversations were never part of the trial record").

Because we cannot consider the documents appellant attached to his brief since they do not appear in the appellate record, and appellant has not filed a motion for new trial or developed a record in the trial court, the record before us is silent as to the reasoning and strategy behind trial counsel's actions or inactions.

Nonetheless, appellant contends there are four ways in which he allegedly was denied effective assistance of counsel. Concerning appellant's first two allegations, the record is silent with regard to whether trial counsel investigated the "possibility of an insanity defense" and advised appellant regarding the defenses of insanity, duress, and necessity. Trial counsel may well have "investigated" an insanity defense and her investigation led her to the conclusion that such a defense could not be established in this case. We also do not know if trial counsel did or did not advise appellant regarding the defenses of insanity, duress, and necessity prior to his plea of true. Appellant contends that he had "at least three possible defenses" and that "it was the [trial counsel's] responsibility to know and explain these defenses." But, after talking to appellant and treatment facility personnel about what occurred at the facility and what really caused appellant to leave the facility, his trial counsel could have concluded that neither of the three defenses could be established and advised appellant accordingly. Or trial counsel could have advised appellant regarding the three defenses, and appellant decided he did not want to pursue the defenses. Nothing in the record before us supports appellant's contention that his trial counsel failed to investigate an insanity defense or failed to advise him regarding the defenses of insanity, duress, and necessity.

With regard to his third allegation, appellant contends that his trial counsel's failure "to have appellant plead 'not true'" to the State's allegations that he violated the terms of his community supervision by leaving his treatment facility constituted ineffective assistance because he had three defenses for his conduct. This contention fails because we do not know whether trial counsel advised appellant to plead true to the State's allegations or whether appellant insisted on pleading true in hopes that the trial court would be more lenient. Even if trial counsel had advised him to plead true, the decision could have been strategic and allowed appellant to plead for mercy

and receive a more favorable treatment from the trial court. *See Ayers v. State*, 483 S.W.3d 230, 234 (Tex. App.—Texarkana 2016, pet. ref'd) ("Ayers' trial strategy was to admit his faults and wrongdoings and place himself at the mercy of the trial court."); *Culver v. State*, 786 S.W.2d 7, 9 (Tex. App.—Beaumont 1990, pet. ref'd) (determining that a guilty plea can be a trial strategy).

This contention also falls short because there is no evidence that appellant in fact had three defenses. As stated above, trial counsel could have concluded that he could not establish any defense after talking to appellant and hearing what the true reasons and circumstances were that caused appellant to leave the treatment facility. Trial counsel also could have investigated appellant's version of events and the personnel at the treatment facility may have negated appellant's version so that trial counsel concluded that a defense could not reasonably be argued to the court.

Regarding his fourth allegation, appellant contends that his trial counsel's failure to object to his 12-year sentence as cruel and unusual punishment constituted ineffective assistance of counsel because "[f]ailure to preserve error has been held to be ineffective assistance of counsel." But to successfully argue that his trial counsel's failure to object amounted to ineffective assistance, appellant must show that the trial court would have committed error in overruling such an objection. *Vaughn v. State*, 931 S.W.2d 564, 566 (Tex. Crim. App. 1996) (per curiam). Appellant cannot meet this burden. As we will discuss below, appellant's sentence does not constitute cruel and unusual punishment. Thus, had appellant's trial counsel objected to the assessed sentence on Eighth Amendment grounds, the trial court would not have committed error in overruling that objection. An objection would have been unsuccessful.

Because the challenged conduct is not so outrageous that no competent attorney would have engaged in it and there is no explanation in our record from

appellant's trial counsel for her actions or inactions in this case, we cannot conclude that her actions and decisions were not reasonably professional and were not motivated by sound trial strategy. *See Lopez*, 343 S.W.3d at 142; *Roberts*, 220 S.W.3d at 533-34; *Garza*, 213 S.W.3d at 348. We therefore conclude that trial counsel's performance did not fall below an objective standard of reasonableness and appellant was not denied effective assistance of counsel. And because appellant cannot establish an ineffective assistance claim, he also cannot prevail on his argument that his trial counsel's alleged ineffectiveness rendered his plea of "true" involuntary.

Accordingly, we overrule appellant's first and second issues.

## II.    Cruel and Unusual Punishment

Appellant contends in his third issue that his sentence is disproportionate to the offense for which he was charged and violates his Eighth Amendment right against cruel and unusual punishment.

Appellant failed to preserve error for review because he failed to object on grounds of cruel and unusual punishment at his sentencing hearing. *See Nicholas v. State*, 56 S.W.3d 760, 768 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd) (the constitutional right to be free from cruel and unusual punishment may be waived by failing to object). But even if appellant had preserved his complaint for review, we would find no merit in it because he failed to show that his punishment was disproportionate.

We analyze appellant's Eighth Amendment challenge by reviewing the proportionality of the sentence compared to the crime. *Arriaga v. State*, 335 S.W.3d 331, 335 (Tex. App.—Houston [14th Dist.] 2010, pet. ref'd); *see also Graham v. Florida*, 560 U.S. 48, 60 (2010). Our objective analysis is guided by (1) the gravity

10

of the offense and the severity of the sentence; (2) the sentences imposed on other defendants in the same jurisdiction; and (3) the sentences imposed for the commission of the crime in other jurisdictions. *Graham*, 560 U.S. at 60; *Arriaga*, 335 S.W.3d at 335. Only if we find that the sentence is grossly disproportionate to the offense under the first factor will we then consider the second two factors to determine whether the sentence was unconstitutionally excessive. *Graham*, 560 U.S. at 60; *Arriaga*, 335 S.W.3d at 335.

The Texas Legislature has determined that the first degree felony of aggravated sexual assault of a child less than 14 years of age is punishable by imprisonment for life, or by imprisonment for five to 99 years. *See* Tex. Penal Code Ann. § 12.32 (Vernon 2011); § 22.021(a)(1)(B), (a)(2)(B), (e) (Vernon 2018). This legislative policy determination is entitled to wide deference. *Arriaga*, 335 S.W.3d at 335.

Here, appellant's 12-year sentence falls at the low end of the punishment range permitted by the Texas Penal Code. Appellant admitted that he made his 10-year old daughter perform oral sex on him. As we have stated in *Bailey v. State*, "[b]y making the aggravated sexual assault of a child a first degree felony, the legislature has identified the crime as among the most heinous acts addressed in the penal code. And rightfully so; the impact on the victim emotionally, physically, and psychologically is often quite severe and lifelong." *Bailey v. State*, Nos. 14-01-00486-CR & 14-01-00487-CR, 2002 WL 122295, at *2 (Tex. App.—Houston [14th Dist.] Jan. 31, 2002, no pet.) (not designated for publication).

We conclude that the trial court's sentence of 12 years' confinement is not grossly disproportionate to appellant's commission of aggravated sexual assault of a child less than 14 years of age. *See Arriaga*, 335 S.W.3d at 336 (life imprisonment sentence was not grossly disproportionate to appellant's commission of aggravated

sexual assault of a child less than 14 years of age); *Williamson v. State*, 175 S.W.3d 522, 525 (Tex. App.—Texarkana 2005, no pet.) (three consecutive life terms for three counts of aggravated sexual assault of a child not grossly disproportionate); *Nunez v. State*, 110 S.W.3d 681, 682 (Tex. App.—Corpus Christi 2003, no pet.) (20 years' confinement was not grossly disproportionate to appellant's commission of aggravated sexual assault of a child less than 14 years of age); *Alvarez v. State*, 63 S.W.3d 578, 581 (Tex. App.—Fort Worth 2001, no pet.) (55 years' confinement was not grossly disproportionate to appellant's commission of aggravated sexual assault of his daughter who was less than 14 years of age); *see also Williams v. State*, No. 12-01-00311-CR, 2003 WL 1883474, at *5 (Tex. App.—Tyler Apr. 16, 2003, no pet.) (mem. op., not designated for publication) (enhanced 99-year sentence for sexual assault of a child was not grossly disproportionate punishment because crime was a "serious" one against a minor with the potential for causing "severe emotional harm" to the child); *Bailey*, 2002 WL 122295, at *2 (25 years' confinement was not grossly disproportionate to appellant's commission of aggravated sexual assault of his daughter who was less than 14 years of age).

Accordingly, we overrule appellant's third issue.

## III. Error in the Trial Court's Judgment

Appellant argues in his fourth issue that the trial court's judgment should be modified to (1) reflect that there was no plea bargain regarding his sentence on adjudication of guilt; and (2) delete the assessed $500 fine because no fine was orally pronounced by the trial court.

The trial court's judgment states that the "Terms of Plea Bargain" were "12 Years TDCJ-ID, $500 Fine." The record is clear that there was no plea bargain regarding appellant's sentence at the time of his adjudication of guilt and that the trial court did not pronounce a $500 fine during sentencing. The parties agree that

the judgment should be modified to reflect that there was no plea bargain and to delete the fine because no fine was orally pronounced at the sentencing hearing.

"We have authority to reform a judgment to make the record speak the truth when the matter has been called to our attention by any source," and we "may reform judgments to correct improper recitations or omissions" when we have the necessary data for reformation. *See Lopez v. State*, 515 S.W.3d 547, 550 (Tex. App.—Houston [14th Dist.] 2017, pet. ref'd); *see also Storr v. State*, 126 S.W.3d 647, 654-55 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (judgment erroneously stated that defendant pleaded guilty; court reformed judgment to reflect the defendant's not guilty plea). Further, the Court of Criminal Appeals has held that, when a trial court does not orally pronounce a fine as part of a defendant's sentence at the time his guilt is adjudicated but includes a fine in the written judgment, the fine should be deleted. *See Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004).

Accordingly, we sustain appellant's fourth issue and modify the trial court's August 29, 2016 judgment to delete the terms of the plea bargain and the $500 fee.

CONCLUSION

We overrule appellant's first three issues. We sustain appellant's fourth issue and modify the trial court's August 29, 2016 judgment to delete the terms of the plea bargain and the $500 fee. We affirm the judgment as so modified.


/s/    William Boyce
Justices


Panel consist of Justices Boyce, Donovan and Wise.
Do Not Publish — Tex. R. App. 47.2(b).