

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00873-CR

Christopher Paul **GONZALEZ**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2011CR6461
Honorable Joey Contreras, Judge Presiding

PER CURIAM

Sitting:     Rebeca C. Martinez, Justice
            Patricia O. Alvarez, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed: January 16, 2019

DISMISSED FOR WANT OF JURISDICTION

On November 16, 2018, appellant filed a pro se docketing statement, which we liberally construed as a notice of appeal relating to the amended judgment signed by the trial court on April 16, 2012. *See Harkcom v. State*, 484 S.W.3d 432 (Tex. Crim. App. 2016). Because appellant did not file a motion for new trial in the trial court, the notice of appeal was due to be filed on May 16, 2012. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on May 31, 2012. TEX. R. APP. P. 26.3. As noted, appellant did not file his notice of appeal until more than six years after the date on which it was due; no motion for extension of time was

filed. Accordingly, the record shows that appellant's notice of appeal is untimely. *See* TEX. R. APP. P. 26.2(a)(1), 26.3.

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). When a notice of appeal and motion for extension of time are not filed within the fifteen-day grace period allowed by Rule 26.3, i.e., by May 31, 2012 in this case, the appellate court lacks jurisdiction. TEX. R. APP. P. 26.3; *see Slaton v. State*, 981 S.W.2d 208, 210 (Tex. Crim. App. 1998); *see also Olivo*, 918 S.W.2d at 522 (late notice of appeal invokes appellate court's jurisdiction in a criminal case only if (i) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (ii) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (iii) the court of appeals grants the motion for extension of time); *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure). Accordingly, we dismiss this appeal for want of jurisdiction.[1]

PER CURIAM

DO NOT PUBLISH

---

[1] Because we do not have jurisdiction over the appeal, appellant's pro se motion for appointment of an attorney on appeal is denied.