

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00372-CR

**LISA TUIAN JEFFERSON,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

### From the 413th District Court
### Johnson County, Texas
### Trial Court No. DC-F201800364

# ORDER

This appeal was dismissed on December 19, 2018 because we determined, with the information we had available, that appellant's notice of appeal was untimely. Although the motion for rehearing that was filed was untimely, it directed our attention to a pro se letter filed in the days after the trial court's judgment. Before our plenary power expired, we vacated our December 19, 2018 judgment and withdrew our opinion of the same date so that we could determine whether appellant's pro se letter constituted a notice of appeal that was timely filed. We asked the State to file a response which addressed the issue of

whether appellant's letter, filed by the district clerk on October 1, 2018, was sufficient as a notice of appeal to invoke this Court's jurisdiction. In its response, the State reviewed the various cases in which a pro se document has been held to be a sufficient notice of appeal to invoke an appellate court's jurisdiction and concluded the letter in this proceeding was inadequate. We disagree.

A person's right to appeal a civil or criminal judgment should not depend upon traipsing through a maze of technicalities. *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016). We do not require "magic words" or a separate instrument to constitute notice of appeal. *Id*. All that is required is that the notice be in writing, be submitted within thirty days or ninety days after sentencing, as appropriate, and show the party's desire to appeal from the judgment or other appealable order. *Id*. *See also* TEX. R. APP. P. 25.2(c)(2).

In this instance, within 14 days from the date of the trial court's judgment, appellant wrote a letter which was filed by the district clerk's office. In the first sentence, appellant stated, "I, Lisa Jefferson, have wrote a statement as to why I feel the jury's judgement [sic] should be overturned." Construing the Rules of Appellate Procedure liberally, as we should, *see Harkcom*, 484 S.W.3d at 434, leads us to conclude that appellant's letter was a timely and sufficient notice of appeal to invoke our jurisdiction.

Even if it is not a sufficient notice of appeal, we conclude the letter is a sufficient, and timely, motion for new trial. *See* TEX. R. APP. P. 21.1(a). *See also Harkcom*, 484 S.W.3d at 434 (appellate rules to be liberally construed). And if there was a timely motion for new trial, then counsel's notice of appeal filed on December 4, 2018, which we had

previously determined was untimely, would be timely and would invoke our jurisdiction. *See* TEX. R. APP. P. 26.2(a)(2).

Accordingly, this appeal is reinstated. The Clerk's and Reporter's Records and appellant's docketing statement are due 30 days from the date of this order. The normal appellate timetables for the filing of briefs will begin when the complete appellate record is filed.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Neill
(Justice Davis dissenting without opinion)
Appeal reinstated
Order issued and filed February 27, 2019
Publish

