

## Fourth Court of Appeals
### San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00303-CR

Steven **ROBLES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 7, Bexar County, Texas
Trial Court No. 304370
Honorable Monica Gonzalez, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
               Rebeca C. Martinez, Justice
               Patricia O. Alvarez, Justice

Delivered and Filed: May 22, 2019

DISMISSED FOR LACK OF JURISDICTION

The trial court imposed sentence in the underlying cause on October 20, 2009. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed November 19, 2009. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal was due on December 4, 2009. TEX. R. APP. P. 26.3. Appellant filed a motion for leave to file late notice of appeal in the trial court on April 8, 2019, which we construe as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016).

A timely notice of appeal is necessary to invoke a court of appeals' jurisdiction. *See Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Because appellant did not file a timely notice of appeal, this court does not have jurisdiction to consider this appeal. Accordingly, the appeal is dismissed for lack of jurisdiction. *See id.*; *see also Bowen v. State*, No. 02-18-00028-CR, 2018 WL 1414849, at *1 (Tex. App.—Fort Worth Mar. 22, 2018, no pet.) (not designated for publication) (citing authority addressing availability of post-conviction habeas relief in misdemeanor proceedings, including the power to grant an out-of-time appeal).[1]

PER CURIAM

DO NOT PUBLISH

---

[1] We also note the trial court's certification in this appeal states that "this criminal case is a plea-bargain case, and the defendant has NO right of appeal." Rule 25.2(d) of the Texas Rules of Appellate Procedure provides, "The appeal must be dismissed if a certification that shows the defendant has a right of appeal has not been made part of the record under these rules." TEX. R. APP. P. 25.2(d).