

NUMBER 13-19-00204-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

JUSTIN VINSON,                                                                      Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.

On appeal from the 94th District Court
of Nueces County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Longoria**
**Memorandum Opinion by Justice Benavides**

Appellant Justin Vinson, proceeding pro se, filed a hand-written letter with this Court requesting to withdraw his guilty plea. The Texas Court of Criminal Appeals has instructed us to liberally construe rules related to the perfection of an appeal. *See Harkcom v. State*, 484 S.W.3d 432, 433 (Tex. Crim. App. 2016); *Few v. State*, 230 S.W.3d 184, 190 (Tex. Crim. App. 2007). Therefore, we liberally construed appellant's letter as

a notice of appeal. *See Harkcom*, 484 S.W.3d at 433; *Few*, 230 S.W.3d at 190. However, because appellant lacks a right to appeal, we dismiss the appeal.

Pursuant to a plea bargain, appellant was convicted of intoxication manslaughter with a vehicle and was sentenced to thirteen years' imprisonment. *See* TEX. PENAL CODE ANN. § 49.08(b). The trial court has certified that this "is a plea-bargain case, and the Defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). On April 30, 2019, this Court notified appellant's trial counsel of the certification and ordered counsel to: (1) review the record; (2) determine whether appellant has a right to appeal; and (3) forward to this Court, by letter, counsel's findings as to whether appellant has a right to appeal, or, alternatively, advise this Court as to the existence of any amended certification. Counsel did not respond to this directive, so we abated and remanded this case to the trial court for further proceedings regarding this matter.

We have now received the supplemental clerk's record and reporter's record of the trial court's proceedings on remand. Accordingly, we reinstate this appeal. Upon remand, the trial court concluded that trial counsel no longer represented appellant and that the certification on file correctly showed that this case was a plea bargain and appellant lacked any right to appeal.

Based on our review, the trial court's findings of fact and conclusions of law and the reporter's record from the hearing on abatement establishes that the certification currently on file with this Court is correct and appellant does not have a right to appeal. The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that the defendant has the right of appeal. TEX.

R. APP. P. 25.2(d); *see id.* R. 37.1, 44.3, 44.4; *see also Dears v. State*, 154 S.W.3d 610, 613 (Tex. Crim. App. 2005). Accordingly, this appeal is DISMISSED. Any pending motions are dismissed as moot.

GINA M. BENAVIDES,
Justice

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Delivered and filed the
25th day of July, 2019.