

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00637-CR

Ramiro Rangel **CAMPOS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2016CR5716
Honorable Steve Hilbig, Judge Presiding

PER CURIAM

Sitting:      Sandee Bryan Marion, Chief Justice
              Rebeca C. Martinez, Justice
              Liza A. Rodriguez, Justice

Delivered and Filed: November 13, 2019

DISMISSED FOR WANT OF JURISDICTION

The trial court signed the judgment sought to be appealed on March 27, 2017. Because appellant did not file a motion for new trial, the notice of appeal was due to be filed on April 26, 2017. TEX. R. APP. P. 26.2(a)(1). A motion for extension of time to file the notice of appeal could have been filed within fifteen days after the deadline, i.e., by May 11, 2017, but was not filed. TEX. R. APP. P. 26.3. On September 13, 2019, appellant filed a "Motion for Out of Time Appeal" in the trial court, which we construed as a notice of appeal. *See Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016). A late notice of appeal invokes the appellate court's jurisdiction

in a criminal case only if (1) it is filed within fifteen days of the last day allowed for filing the notice of appeal, (2) a motion for extension of time is filed in the court of appeals within the fifteen-day grace period, and (3) the court of appeals grants the motion for extension of time. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996).

Accordingly, this court issued an order on September 20, 2019 directing appellant to show cause why this appeal should not be dismissed for lack of jurisdiction. Appellant did not respond. Therefore, we dismiss this appeal for want of jurisdiction. TEX. R. APP. P. 43.2(f); *see Olivo*, 918 S.W.2d at 522; *see also Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (an out-of-time appeal from a final felony conviction may be sought by filing a writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal Procedure).

PER CURIAM

DO NOT PUBLISH