# NO. 12-20-00153-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *JAMES FINCH,*<br>*APPELLANT* | § | *APPEAL FROM THE 349TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

---

### *MEMORANDUM OPINION*
### *PER CURIAM*

James Finch, acting pro se, filed a document stating that he would like to appeal some of the trial court's decisions. This Court construed the document as a notice of appeal.[1] However, on July 14, 2020, this Court informed Appellant that the appeal did not show the jurisdiction of this Court; i.e., there is no final judgment or appealable order contained therewith. The notice advised that the appeal would be dismissed unless the record was amended on or before August 24, 2020, to show this Court's jurisdiction. In response, Appellant states that he did not file an appeal and only wanted to ensure that he had the correct appellate court in the event he needed to file an appeal.[2]

A defendant's notice of appeal must be filed: (1) within 30 days after the day sentence is imposed or suspended in open court, or after the day the trial court enters an appealable order; or (2) within 90 days after the day sentence is imposed or suspended in open court if the defendant timely files a motion for new trial. TEX. R. APP. P. 26.2. A prematurely filed notice of appeal is effective and deemed filed on the same day, but after, sentence is imposed or suspended in open

---

[1] *See* **Harkcom v. State**, 484 S.W.3d 432, 433 (Tex. Crim. App. 2016) (Texas Court of Criminal Appeals has instructed appellate courts to liberally construe rules related to perfection of appeal).

[2] Appellant's case is pending in the 349th District Court of Anderson County, Texas, which is within this Court's appellate jurisdiction. *See* TEX. GOV'T CODE ANN. § 22.201(m) (West Supp. 2019).

court, or the appealable order is signed by the trial court. *See* TEX. R. APP. P. 27.1(b). However, a premature notice of appeal cannot be used as an appellate place holder for any appealable order that might be entered later. *See* **Smith v. State**, 559 S.W.3d 527, 534 (Tex. Crim. App. 2018). In this case, sentence has not yet been imposed or suspended in open court and this Court is unaware of the trial court entering an appealable order. Accordingly, we *dismiss* this *appeal for want of jurisdiction*.[3]

Opinion delivered September 16, 2020.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

---

[3] Appellant expresses concern that he will now be barred from appealing at a later date. However, this dismissal does not preclude Appellant from filing a timely notice of appeal after sentence is imposed or suspended in open court, or after the trial court enters an appealable order. *See* TEX. R. APP. P. 26.2.



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 16, 2020**

**NO. 12-20-00153-CR**

**JAMES FINCH,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 349th District Court

of Anderson County, Texas (Tr.Ct.No. 349CR-18-33989)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*