

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00229-CR

_____

CORY LEMING, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from the 485th District Court
Tarrant County, Texas
Trial Court No. 1798270

---

Before Sudderth, C.J.; Kerr and Walker, JJ.
Memorandum Opinion by Justice Walker

## MEMORANDUM OPINION

Appellant Cory Leming attempts to appeal his conviction for possession of a controlled substance. *See* Tex. Health & Safety Code Ann. § 481.115(d). Leming's sentence was imposed on April 25, 2025, and he untimely filed his pro se notice of appeal on July 10, 2025—depriving this court of jurisdiction.

A defendant's notice of appeal must be filed within thirty days after his sentence is imposed when the defendant has not filed a motion for new trial. *See* Tex. R. App. P. 26.2(a). A notice of appeal is required to be in writing, submitted within thirty days after sentencing, and show the party's desire to appeal from the judgment. *Harkcom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016); *see* Tex. R. App. P. 25.2(c)(2). Timely filing of a notice of appeal is a jurisdictional prerequisite to hearing an appeal. *Olivo v. State*, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) ("A timely notice of appeal is necessary to invoke a court of appeal's jurisdiction."). If a notice of appeal is not timely filed, we have no option but to dismiss the appeal for lack of jurisdiction. *Harkcom*, 484 S.W.3d at 523.

Because Leming did not file a motion for new trial, his notice of appeal was due May 27, 2025. *See* Tex. R. App. P. 26.2(a). Leming's notice of appeal, however, was not filed until July 10, 2025. We notified Leming of our concern that we lack jurisdiction over his appeal and warned him that we could dismiss his appeal for lack of jurisdiction unless he filed a response showing grounds for continuing the appeal.

Leming[1] responded and asserted that this court should liberally construe a letter that his mother had mailed to the trial court as a notice of appeal or alternatively as a motion for new trial. We decline to construe Leming's mother's letter as a notice of appeal or as a motion for new trial.

Following Leming's sentencing on April 25, 2025, his mother mailed a letter to the trial court on May 1, 2025, expressing frustration that Leming did not receive probation and complaining of the length of his sentence. At the end of her letter, Leming's mother asked the trial court, "Is there anything that can be done to rectify this situation?" Leming contends that his mother's letter expressed his desire to appeal.

However, his now expressed desire to appeal cannot be reasonably read into the scope of his mother's letter. Nowhere in her letter does it allege that Leming desired to appeal from the trial court's judgment or that he desired a new trial. We conclude that Leming's mother's letter to the trial court, although it expressed frustration with his sentence, did not show Leming's desire to appeal from the judgment.[2] *See* Tex. R. App. P. 25.2(c)(2). For the same reason, we further conclude

---

[1]In response to our letter, the trial court appointed appellate counsel to represent Leming.

[2]Leming has cited no authority that permits his mother, Robin Leming, to file a notice of appeal on his behalf. To represent another individual in court, a representative must have a license to practice law. *See* Tex. Gov't Code Ann. §§ 81.101, 81.102(a); Tex. Penal Code Ann. § 38.123. Our records do not reflect that Robin Leming is a licensed attorney. Moreover, nothing within her letter claimed that

that Leming's mother's letter is not a motion for new trial, as it likewise did not show Leming's desire for a new trial. *See* Tex. R. App. P. 21.1(a).

Because Leming has not provided any grounds for this court's exercise of jurisdiction over his appeal, we hold that we lack jurisdiction over the appeal. Accordingly, we dismiss the appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f).

/s/ Brian Walker

Brian Walker
Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: August 14, 2025

---

Leming had authorized her to mail the letter to the trial court on his behalf or that he desired to appeal from the trial court's judgment.