# Court of Appeals
## Tenth Appellate District of Texas

10-25-00360-CR
10-25-00361-CR
10-25-00362-CR

Jordan Isiah Webber,
Appellant

v.

The State of Texas,
Appellee

On appeal from the
361st District Court of Brazos County, Texas
Judge David G. Hilburn, presiding
Trial Court Cause Nos. 23-04843-CRF, 22-02685-CRM, 23-03801-CRM

JUSTICE SMITH delivered the opinion of the Court.

## MEMORANDUM OPINION

Appellant, Jordan Isiah Webber, was sentenced in these proceedings on June 4, 2025. The Certification of the Defendant's Right of Appeal, signed by the appellant, his trial counsel, and the trial court on June 5, 2025, indicate

that Webber has the right to appeal.[1]  Webber's trial counsel filed a motion to withdraw as counsel for purposes of appeal, which was granted by the trial court.  The trial court conducted a "Status of Appeal" hearing on June 20, 2025, at which time Webber was found to be indigent, and appellate counsel was appointed on June 24, 2025.  Neither Webber's trial counsel nor his appellate counsel filed a written notice of appeal or other post-trial motion within 30 days of the imposition of Webber's sentence.  *See* TEX. R. APP. P. 26.2(a).

Webber's appellate counsel filed a document entitled "Motion to Construe Notice of Appeal" with this Court on October 16, 2025, listing the three cause numbers in the same document.  In the motion, Webber asks that the assertions in the motion to withdraw by trial counsel, the certification of the defendant's right of appeal, and the appointment of counsel for purposes of appeal should be adequate to constitute an informal notice of appeal sufficient to invoke this Court's jurisdiction.

A defendant perfects an appeal by filing a written notice of appeal showing his desire to appeal with the trial court clerk within thirty days after the date sentence was imposed or within ninety days after sentencing if the defendant timely filed a motion for a new trial. *See* TEX. R. APP. P. 25.2(b), (c),

---

[1] Webber's motion lists three separate cause numbers, and three separate judgments of conviction were entered.  Because of the unique posture of this proceeding, and in order to be able to proceed to a disposition, we filed the motion as three separate notices of appeal, one for each cause number. Any reference to a singular motion is intended to refer to each cause number.

26.2(a), (b). Appellate counsel for Webber acknowledges that a separate written notice of appeal was not filed; however, the motion alleges that a formal notice was not necessary and that we should construe the various filings as sufficient to constitute a notice of appeal. We decline to adopt Webber's theory. Nothing in the various written documents before this Court indicate that Webber intended to invoke this Court's appellate jurisdiction through those documents.

In his motion, Webber cites to *Harkom v. State*, 484 S.W.3d 432 (Tex. Crim. App. 2016), in which the Court of Criminal Appeals stated:

> We do not require "magic words" or a separate instrument to constitute notice of appeal. All that is required is that the notice be in writing, be submitted within thirty days or ninety days after sentencing, as appropriate, and show the party's desire to appeal from the judgment or other appealable order.

*Harkom v. State*, 484 S.W.3d 432, 434 (Tex. Crim. App. 2016). In *Harkom*, however, the defendant had written the word "APPEAL" on the top of a motion requesting the appointment of counsel, which was construed to be written evidence of the defendant's desire to appeal in the only way that defendant had available to her. *See id.*

There is no comparative evidence of Webber's written desire to appeal in this proceeding. The motion to withdraw filed by trial counsel does not state that Webber wishes to appeal, merely that he sought withdrawal "because of

the appeal status of his case" and that Webber would like to obtain new counsel "for the appeal process." The order appointing counsel is conditionally worded as well, appointing counsel for "appeal, if any, …"

We deny Webber's "Motion to Construe Notice of Appeal," file the motion as a notice of appeal, and dismiss each appeal for want of jurisdiction because they were not timely filed. *See* TEX. R. APP. P. 26.2(a)(1).

_____
STEVE SMITH
Justice

OPINION DELIVERED and FILED: October 23, 2025

Before Chief Justice Johnson,
      Justice Smith, and
      Justice Harris
Appeals dismissed
Do not publish
CRPM

